Jasper BALL *v*. STATE of Arkansas

CR 82-147                                        646 S.W.2d 693

Supreme Court of Arkansas
Opinion delivered February 21, 1983
[Rehearing denied March 28, 1983.]

*David L. Gibbons,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. This is an appeal from a conviction by the Madison County Circuit Court wherein the appellant was convicted of burglary and theft of property as well as being an habitual offender.

We are presented with only one argument on appeal. Appellant contends that the court failed to apply the provisions of Ark. Stat. Ann. § 41-605 (Repl. 1977), relating to psychiatric examination of a defendant, to the facts of the present case. We feel that the court substantially complied with the provisions of this statute and therefore will not reverse the decision of the trial court.

The facts of the case are not in dispute and will therefore not be set out in this opinion. The single issue is the fitness of the appellant to stand trial. Ark. Stat. Ann. § 41-605 provides that when there is reason to doubt the fitness of the accused to proceed, the court shall enter an order directing that the accused be examined by a local psychiatrist or committed to the state hospital. Upon completion of such examination a report shall be submitted. The report is to follow Ark. Stat. Ann. § 41-605 (4) which states:

The report of the examination shall include the following:

(a) a description of the nature of the examination;

(b) a diagnosis of the mental condition of the defendant;

(c) an opinion as to his capacity to understand the proceedings against him and to assist effectively in his own defense;

(d) an opinion as to the extent, if any, to which the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was impaired at the time of the conduct alleged; and

(e) when directed by the court, an opinion as to the capacity of the defendant to have the culpable mental state that is required to establish an element of the offense charged.

The court ordered the appellant to be examined by Dr. Travis W. Jenkins of the Ozark Guidance Center. A report in the form of a two paragraph letter was sent to the trial judge. The letter states:

I have seen Mr. Ball in psychiatric evaluation and mental status examination. In my opinion he is competent to stand trial. There is no evidence to suggest that he is psychotic at the time of my interview with him. Mr. Ball does have a past history of alcoholism and being out of touch with reality when drinking. Therefore, at the time of his alleged offense, he may have been under the influence of alcohol and had disorder of thinking at that time, but in my opinion he was not psychotic to the degree of criminal irresponsibility.

Alcoholism is a definite complicating factor in this situation, and an alcohol treatment program might be of value. If further information is needed, please feel free to contact me.

The appellant objected to this report as being insufficient and not in compliance with the provisions of the statute. The trial court apparently agreed and wrote the doctor a letter asking him to furnish a supplemental report along the lines of the requirements of the statute. The appellant was not further examined by Dr. Jenkins but a supplemental report was submitted. The supplemental report stated: ". . . Mr. Bell is able to understand the proceedings against him, and it is also my opinion that he is able to assist in his

own defense." The letter further stated, as had the first one, that appellant was not psychotic to the degree of criminal irresponsibility. The final diagnosis was (1) alcohol abuse and (2) chronic schizophrenic disorder.

The appellant also attacked this supplemental report as being less than what is required by the statute in question. The trial court overruled the objection and conducted the trial. Dr. Jenkins appeared at the trial and testified that in his opinion the appellant suffered from mental disease which he described as "chronic schizophrenia with paranoia features." The doctor's opinion at the trial was to the effect that Ball did have a mental disease as above stated. In reaching a decision on the issue presented on appeal, however, we do not consider testimony presented at the trial.

The first requirement of the report by a psychiatrist is that it give a description of the nature of the examination. Dr. Jenkins stated that he saw the appellant in "psychiatric evaluation and mental status examination." We think this substantially complies with the requirement that the psychiatrist include in his report the nature of the examination. The second requirement is that there be a diagnosis of the mental condition of the defendant. The report clearly stated that the doctor considered appellant competent to stand trial and did not find him psychotic at the time of the examination. The report further reflects that in the doctor's opinion appellant was not psychotic to the degree of criminal irresponsibility. The doctor found appellant to be suffering from alcohol abuse and paranoid schizophrenia. The third requirement is that the report contain an opinion as to appellant's capacity to understand the proceedings against him and to assist effectively in his own defense. Dr. Jenkins' letter specifically included findings that he was competent to do both. The fourth requirement is that the report contain an opinion as to the extent, if any, to which the capability of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was impaired at the time of the conduct alleged. The excerpts of Dr. Jenkins' opinion previously set out clearly reveal that the examining psychiatrist felt appellant was able to conform his conduct to the requirements of law

and that he was able to appreciate the criminality of his conduct. The report is not in the exact terms which are set out by the statute but the requirements are substantially complied with by the report. Finally, the report, when directed by the court, shall contain an opinion as to the capacity of the defendant to have the culpable mental state that is required to establish an element of the offense charged. The reports state that appellant was not psychotic to the degree of criminal irresponsibility. The first report stated that at the time of the offense the appellant may have been under the influence of alcohol and had some disorder of thinking. It was the opinion of Dr. Jenkins that he was "not psychotic to the degree of criminal irresponsibility."

It is clearly the intent of the statute in question to prevent the trial of any person while incompetent to understand the nature of the procedures involved and to assist in the defense thereof. The statute is also designed to prevent the trial of a person who lacks the capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law at the time of the offense. The United States Supreme Court has adopted these basic requirements. *Drope* v. *Missouri,* 420 U.S. 162 (1975). It is true that this court reversed a conviction when the trial court failed to make the determination required by this statute. *Gruzen* v. *State,* 267 Ark. 380, 591 S.W.2d 342 (1979). In *Gruzen,* the trial court refused to rule on the issue. In the present case the court did rule on the question and the result was the appellant was required to stand trial. The ruling of the trial court did not prevent the appellant from attempting to establish his incompetency at the time of the trial or at the time of the alleged commission of the offense. This was attempted in the cross-examination of Dr. Jenkins. The burden in this case is upon the party claiming the defense. *Westbrook* v. *State,* 265 Ark. 736, 580 S.W.2d 702 (1979). We think that taken together the two reports by the psychiatrist substantially complied with the law, and the trial court was not in error in requiring appellant to proceed to trial.

Affirmed.