Johnny WEAVER, in His Official Capacity as Mayor of the City of West Helena, Arkansas *v.* Honorable L. T. SIMES, Circuit Judge

05-651                                                              229 S.W.3d 15

Supreme Court of Arkansas
Opinion delivered February 16, 2006

*Murray Law Firm*, by: *Todd Murray*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Sherri L. Robinson*, Ass't Att'y Gen., for appellee.

Robert L. Brown, Justice. Petitioner Johnny Weaver files this petition for writ of prohibition, mandamus, or *certiorari* to the Phillips County Circuit Court in his official capacity as the Mayor of the City of West Helena, Arkansas. This court ordered this petition to be submitted as a case, and the parties filed briefs with this court. We deny the petition.

In November of 2004, West Helena Mayor Johnny Weaver fired Police Chief Vincent Bell and the West Helena Civil Service Commission affirmed the firing. This termination spawned multiple lawsuits and city council actions. The instant writ petition arises out of the case of *City of West Helena v. Weaver*, Civ. No. 2005-04, before Judge L. T. Simes of the Phillips County Circuit

Court. The complaint in this matter was filed with the circuit court and involved a dispute between the West Helena City Council and Mayor Weaver regarding the authority of the council to reinstate Chief Bell.

On January 1, 2005, the newly elected West Helena City Council voted to reinstate Bell as police chief.[1] Mayor Weaver vetoed this decision. On January 3, 2005, members of the city council filed an action against Mayor Weaver and asserted that their reinstatement of Bell by a two-thirds vote was sufficient to override a veto of the mayor under Arkansas law. The council members requested a temporary restraining order (TRO) to reinstate Bell during the pendency of the case. Judge Simes issued the requested TRO, which reinstated Bell and prohibited Mayor Weaver from interfering with his lawful duties as the police chief. This is the initial action from which the instant petition arose. After this order was entered, Mayor Weaver requested an immediate hearing on the TRO and asked that it be dissolved.

On January 6, 2005, immediately preceding the scheduled TRO hearing, Mayor Weaver filed a pleading requesting that Judge Simes recuse from this case. A hearing on the motion to recuse was held on January 6-7, 2005, in lieu of the TRO hearing. The court took the motion to recuse under advisement and stated its intention to review the testimony and render a decision at a later date.

On January 26-27, 2005, a hearing was held on the issue of whether to dissolve the TRO. At the outset of this hearing, Judge Simes ruled on the record that he was denying the motion to recuse and that he would issue an order at a later date.

During March and April of 2005, Judge Harvey Yates and Judge Ben Story of the Phillips County Circuit Court entered orders in cases involving the composition of the West Helena City Council. In an order dated March 10, 2005, Judge Story declared two people, Dana J. Flowers and William Coad, to be members of the West Helena City Council, and declared that the votes cast by them at all previously held West Helena City Council meetings

---

[1] At this city council meeting, the members also voted to abolish the Civil Service Commission. In addition, they voted to declare the city council position of Eddie Schieffler vacant, and they elected James Parks to fill the alleged vacancy. Although he was present at the meeting, Schieffler's votes were not counted.

were valid and must be counted by the city clerk and recognized by the city council. In an order entered on March 22, 2005, Judge Yates declared that Eddie Schieffler was legally appointed to a vacant position on the city council, that James Parkes was a usurper of that office, and that the votes of Eddie Schieffler and not those of James Parkes should be counted by the city clerk. In a second order entered by Judge Story on April 15, 2005, he ruled, among other things, that all the ordinances and resolutions passed by the West Helena City Council during the calendar year 2005 were null and void for several reasons.[2]

On April 28, 2005, Judge Simes entered an order that accepted the referenced decisions of Judge Yates and Judge Story as law of the case. Additionally, his order declared that the West Helena City Council was to meet and vote on the issue of Bell's reinstatement by June 8, 2005, and to report this decision to the court. In this order, Judge Simes further found that there was not a sufficient basis to warrant his recusal. As a final point, Judge Simes's order stated that he was imposing sanctions on Mayor Weaver and his attorney after finding that they failed to make a reasonable inquiry into the facts supporting their alleged basis to request his recusal, which violated Rule 11 of the Arkansas Rules of Civil Procedure.

On May 17, 2005, the West Helena City Council met and voted, by a two-thirds majority vote, to reinstate Bell as police chief. Also on May 17, 2005, Mayor Weaver filed a notice of appeal to the Arkansas Supreme Court, which is docketed in this court as case number 05-580.[3] In his notice of appeal, Mayor Weaver specifically listed all the orders entered by the Phillips County Circuit Court, from which he appeals, including the January 3, 2005 TRO; the orders made from the bench on January 6 and January 7, 2005; the April 28, 2005 order; and all intermediate orders.

---

[2] Among the judge's stated reasons are: (1) that three of the aldermen were either not notified of the meetings or were not allowed to cast their votes at the meeting; (2) that none of the special meetings was called in accordance with Arkansas law; and (3)that none of the regularly called meetings held by the council was valid.

[3] This case is currently pending before this court. The record is under seal in the Supreme Court Clerk's office. On June 30, 2005, we granted Weaver's motion in case number 05-580 for further stay of briefing schedule pending consideration of this petition for an extraordinary writ.

On June 14, 2005, Mayor Weaver filed this petition for writ of prohibition, mandamus, or *certiorari*. On June 23, 2005, this court ordered Mayor Weaver's petition to be submitted as a case. Briefs from the parties followed.

On June 15, 2005, Judge Simes entered an order declaring that the issue regarding the dissolution of the TRO issued by him on January 3, 2005, was now moot because the West Helena City Council met on May 17, 2005, and voted to reinstate Vincent Bell as police chief by a two-thirds majority vote.

Petitioner Mayor Weaver now asserts the following ten points for which he requests relief in this petition:

1. The trial court exceeded its authority by entering an ex-parte temporary restraining order on January 3, 2005, reinstating Vincent Bell as police chief of West Helena and restraining the mayor of West Helena from interference in the day to day operations of the police department.

2. The trial court exceeded its authority by exercising, or continuing to exercise, jurisdiction over Bell's cause of action, where the same or substantially similar facts and issues are pending in a prior-filed action, Phillips Circuit No. 04-398, assigned to Circuit Judge Yates.[4]

3. The trial court exceeded its authority by exercising, or continuing to exercise, jurisdiction over the case, which case has been rendered moot by decisions of Judge Story and Judge Yates.

4. The trial court exceeded its authority by removing Mayor Weaver from the courtroom during the proceedings of January 7, 2005.

5. The trial court exceeded its authority by calling Mayor Weaver's attorney as a witness, interrogating, and threatening his attorney.

6. The trial court exceeded its authority by imposing sanctions pursuant to Ark. R. Civ. P. 11 and ordering attorney Murray

---

[4] On December 15, 2004, Bell filed his notice of appeal from the Civil Service Commission's decision regarding his firing to the Phillips County Circuit Court, and the case was assigned to Judge Yates, as case number 04-398.

and Mayor Weaver to pay attorneys' fees and costs to attorney Lewellen and attorney Austin for responding to and defending a motion for recusal.

7. The trial court should be required to recuse under the circumstances of this particular case, where it is apparent on the face of the record that the court has a conflict of interest and is personally embroiled in the dispute.

8. The TRO should be dissolved where the proof submitted conclusively shows the lack of irreparable harm and/or the improbability of success on the merits of the case.

9. Alternatively, the trial court should be required to enter a written order concerning the trial court's decision refusing to dismiss, transfer, or consolidate Vincent Bell's cause of action in light of the prior filed case, Phillips Circuit No. 04-398, assigned to Judge Yates.

10. Alternatively, the trial court should be required to enter a written order containing specific findings of fact and conclusions of law concerning the trial court's decision refusing to dissolve the TRO.

We deny the petitioner's petition for writ of prohibition, mandamus, or *certiorari*. This court has held that "each of these three extraordinary writs are not available when (1) there is another adequate remedy, such as an appeal . . . ." *Manila Sch. Dist. No. 15 v. Wagner*, 357 Ark. 20, 26, 159 S.W.3d 285, 290 (2004).

We have previously explained the purposes of each of these three writs as follows:

> *Prohibition* is an extraordinary writ that is appropriate only when the trial court is wholly without jurisdiction. *Conner v. Simes*, 355 Ark. 422, 139 S.W.3d 476 (2003). *The writ is appropriate only when there is no other remedy, such as an appeal, available. Id.* Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. *Id.* However, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. *Id.* A writ of *certiorari* is extraordinary relief, and we will grant it only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id. A writ of*

*certiorari is appropriate only when* it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion by the trial judge, and *there is no other adequate remedy. Id.*; *Ballard v. Clark County Circuit Court*, 347 Ark. 291, 61 S.W.3d 178 (2001) (per curiam). Certiorari will not be used to look beyond the face of the record to ascertain the actual merits of the controversy, or to control discretion, or to review a finding of facts, or to reverse a trial court's discretionary authority. *Id.*

Finally, the purpose of a writ of *mandamus* is to enforce an established right or to enforce the performance of a duty. *Arkansas Democrat-Gazette v. Zimmerman*, 341 Ark. 771, 20 S.W.3d 301 (2000). A writ of mandamus is issued by this court only to compel an official or judge to take some action. *Id.* When requesting a writ of mandamus, a petitioner must show a clear and certain right to the relief sought *and the absence of any other adequate remedy. Id.* However, a writ of mandamus will not lie to control or review matters of discretion. *Id.*

*Id.* at 25–26, 159 S.W.3d at 290 (emphasis added).

■ It is clear to this court that Petitioner Weaver has another adequate remedy at law at his disposal, as he can raise all the issues he asserts in his emergency petition in an appeal. Indeed, he is apparently pursuing an appeal based on his notice of appeal filed on May 17, 2005. Because there is another adequate remedy at law, a petition for an extraordinary writ does not lie in this case. We deny Mayor Weaver's petition for a writ of prohibition, mandamus, or *certiorari*.

Petition denied.