Micheal Dewayne SIMS *v.*
CIRCUIT COURT of PULASKI COUNTY, Arkansas,
Sixth Division, The Honorable Timothy D. Fox, Respondent

06-100                                                    247 S.W.3d 493

Supreme Court of Arkansas
Substituted opinion on denial of rehearing January 18, 2007

*Newland & Associates, PLLC,* by: *Joel F. Hoover* and *Ray S. Pierce,* for appellant.

*Edward T. Oglesby,* for intervenors/appellees.

R OBERT L. BROWN, Justice. Petitioner Micheal Dewayne Sims petitions this court for a writ of *certiorari* or, in the alternative, a writ of prohibition, and application for temporary relief and a stay in response to the circuit court's December 29, 2005 order, which, among other things, deemed Sims's June 29, 2004 judgment of the Lonoke County Circuit Court void *ab initio* with respect to Jewell, Moser, Fletcher & Holleman, P.A. ("JMFH"). In his petition, Sims makes the following five arguments: (1) the Pulaski County Circuit Court lacked jurisdiction to retroactively divest the Lonoke County Circuit Court of *in personam* jurisdiction over JMFH after that court had entered final judgment against JMFH; (2) the Pulaski County Circuit Court exceeded its jurisdiction on the face of the record when it retroactively divested the Lonoke County Circuit Court of *in personam* jurisdiction over JMFH after that court had entered final judgment against JMFH; (3) the Pulaski County Circuit Court's decision to retroactively divest the Lonoke County Circuit Court of *in personam* jurisdiction over JMFH after final judgment had been entered against JMFH was erroneous on its face; (4) the Pulaski County Circuit Court was wholly without jurisdiction to retroactively divest the Lonoke County Circuit Court of *in personam* jurisdiction over JMFH after final judgment had been entered against JMFH; (5) Sims's petition for writ of *certiorari,* or, in the alternative, writ of prohibition and application for temporary relief and stay should be granted because Sims has no other adequate remedy. We deny the petition without prejudice.

On March 26, 2003, Sims filed suit in Lonoke County Circuit Court against Jim David Sims Farms, Inc.; Jimmy B. Sims,

in his capacity as Trustee of the Micheal Dewayne Sims Family Trust; and Keith Moser. His complaint requested injunctive relief against the above-named defendants and alleged that all of his real property, including his personal residence, which had been transferred into a limited partnership and irrevocable trust with the assistance of Keith Moser, had been sold over his objection to his nephew, Jim David Sims, by Moser and Jimmy B. Sims.

On July 19, 2003, an action for judicial dissolution and accounting was commenced by Barry Jewell to dissolve JMFH in the Pulaski County Circuit Court. On September 5, 2003, Jewell amended his complaint and requested that the court appoint a receiver.

According to Sims, on or about October 20, 2003, he amended his complaint to include JMFH, among others, as defendants, and alleged conversion and breach of fiduciary duty against Jimmy B. Sims, Keith Moser, Moser & Associates, P.A., and JMFH.

On June 3, 2004, the Lonoke County Circuit Court entered a default judgment against Keith Moser, Moser & Associates, P.A., and JMFH in the amount of $650,000 as a result of their failure to abide by the court's orders and their failure to appear and defend against the Motion for Rule 37 Relief. On June 29, 2004, that same court entered a judgment in which it rendered its June 3, 2004 default judgment final. The court also acknowledged that an action was pending in the Pulaski County Circuit Court to dissolve the defaulted defendant, JMFH.

On July 12, 2004, Sims filed a motion to intervene in the judicial-dissolution case filed in Pulaski County Circuit Court. Sims claimed an interest in property that formed the subject matter of the litigation based on his status as a judgment creditor. His motion was denied. Sims also filed a writ of execution with the Pulaski County Sheriff that same day.

On September 27, 2004, the Pulaski County Circuit Court entered an agreed order appointing Milas H. "Butch" Hale as receiver for JMFH. The Pulaski County Circuit Clerk was authorized by the court to receive payments from other circuit courts into the registry of the court for further disposition in accordance with the court's decision in the judicial-dissolution action. Sims next caused the Lonoke County Circuit Court Clerk to issue writs of garnishment to the Pulaski County Circuit Clerk and the appointed receiver for JMFH regarding those payments.

On December 29, 2005, the Pulaski County Circuit Court entered an order, in which it ruled as follows on Sims's claims:

> The claim of Michael Sims is based upon a *Final Judgment* filed of record on June 29, 2004, in *Sims v. Jim David Sims Farms, Inc., et al.,* Lonoke County Case No. CV2003-138. Paragraph No. 5 of the *Final Judgment* evidences that the parties were aware of the pendency of this judicial dissolution proceeding. The circuit courts of the State of Arkansas are normally courts of concurrent jurisdiction provided that jurisdictional and venue requirements are met. In enacting the statutory provisions concerning judicial dissolution, the Arkansas Legislature specifically provided that the court conducting the judicial dissolution and appointing a receiver has "exclusive jurisdiction" over the corporation. Accordingly, with respect to [JMFH], the Lonoke County Circuit Court was divested of jurisdiction upon the filing of the *Complaint for Judicial Dissolution.* Presently, the claim of Michael Sims is supported only by the *Final Judgment* which is void ab initio with respect to [JMFH]. The claimant Michael Sims is given thirty (30) days from the date of this order in which to file and tender to the Receiver any and all documents such claimant believes support his claim against [JMFH].

Sims now files his petition for extraordinary relief in this court. He has also filed a direct appeal from the Pulaski County Circuit Court's order, which has been docketed in this court as Case No. 06-403. A common thread running throughout Sims's brief in support of his petition for extraordinary relief is that the Lonoke County Circuit Court had *in personam* jurisdiction over JMFH for money damages as opposed to *in rem* jurisdiction, which lay in Pulaski County Circuit Court over JMFH's dissolution and its assets filed in the registry of the court.

A second thread that runs throughout Sims's arguments in support of his petition to this court is his interpretation of the apposite statute:

> (a) A court in a judicial proceeding brought to dissolve a corporation *may* appoint one (1) or more receivers to wind up and liquidate, or one (1) or more custodians to manage, the business and affairs of the corporation. The court shall hold a hearing, after notifying all parties to the proceeding and any interested persons designated by the court, before appointing a receiver or custodian. *The court appointing a receiver or custodian has exclusive jurisdiction over the corporation and all of its property wherever located.*

Ark. Code Ann. § 4-27-1432(a) (Repl. 2001) (emphasis added). He concludes that a court in a judicial-dissolution proceeding does not have exclusive jurisdiction over a corporation's property until a receiver is appointed.

Intervenors and appellees John Holleman and Holleman & Associates, P.A. ("Holleman") respond by asserting that the Pulaski County Circuit Court did not lack jurisdiction to retroactively divest the Lonoke County Circuit Court of *in personam* jurisdiction over JMFH. According to Holleman, under § 4-27-1432, the Lonoke County Circuit Court was divested of jurisdiction upon the filing of the judicial-dissolution complaint in the Pulaski County Circuit Court on July 19, 2003.

Sims counters by pointing out that the Lonoke County Circuit Court proceeded exactly as contemplated in § 4-27-1432, because at the time that suit was filed, no receiver had been appointed and the Lonoke County Circuit Court properly assumed jurisdiction over JMFH. Further, according to Sims, the Lonoke County Circuit Court awarded only monetary damages against JMFH, thus exercising only *in personam* jurisdiction over JMFH up to and through final judgment. Sims explains that after he obtained that judgment, he sought payment for that judgment by turning to the judicial-dissolution proceeding in Pulaski County Circuit Court. In addition, Sims raises several due-process violations based on the procedure followed in Pulaski County Circuit Court in its statutory interpretation of § 4-27-1432(a) and its denial of his motion to intervene.

Sims's final argument is that his petition for writ of *certiorari* or prohibition is appropriate because he has no other adequate remedy. He reasons that this is due to the fact that he is a non-party to the judicial dissolution and because he has been denied access to the rights normally afforded parties to an action such as the right to conduct discovery, the right to receive notice of hearings, and the right to seek interlocutory appellate review of certain preliminary orders. As a non-party, Sims urges that he has only two alternatives for appellate review of the Pulaski County Circuit Court's divesting order: he can either seek a writ of *certiorari* or prohibition contesting the circuit court's jurisdiction or appeal as a party with a pecuniary interest in the judgment.

He goes further, however, and contends that an appeal from the final judgment of the judicial dissolution is not an adequate remedy because any appealable order would necessarily require as

a prerequisite that there be a prior disposition of the assets to which he claims he is entitled. According to Sims, as a judgment creditor who has been issued writs of execution and garnishment by the Pulaski County Circuit Court Clerk, he has a priority claim to the funds in the registry of the court. But he also asserts that he does not have the means to protect his status as a judgment creditor and stay the distribution of the corporate assets by way of a *supersedeas* bond pending an appeal because he is disabled and his only income is in the form of a disability check that he receives monthly. All of his property, he maintains, including his personal residence, was sold over his objection with the assistance of Moser, and the proceeds of that sale, he alleges, were stolen from the client trust account maintained at Moser & Associates, P.A. Thus, he concludes that he has no adequate remedy available to him other than an extraordinary writ and because of that his petition should be granted.

Our jurisprudence in Arkansas in connection with extraordinary writs is clear that for the issuance of either a writ of *certiorari* or a writ of prohibition, there must be no other adequate remedy at law. *See, e.g., Coonrod v. Seay*, 367 Ark. 437, 241 S.W.3d 252 (2006); *Arkansas Game & Fish Comm'n v. Herndon*, 365 Ark. 180, 226 S.W.3d 776 (2006).

In the instant case, despite Sims's protestations to the contrary on this point, he does have the remedy of an appeal available to him. Indeed, he has appealed the Pulaski County Circuit Court's order, which is docketed in this court as *Sims v. Fletcher*, No. 06-403, and has raised the same issue regarding the Pulaski County Circuit Court's jurisdiction to void the Lonoke County Circuit Court's order in that appeal. Case No. 06-403 has been dismissed without prejudice due to failure to resolve all claims against all parties pursuant to Arkansas Rule of Civil Procedure 54(b) (2006). Nevertheless, the remedy of an appeal is still viable for Sims after compliance with Rule 54(b).

Moreover, this court is unwilling to speculate about what may happen in Sims's direct appeal, assuming there is compliance with Rule 54(b). He argues that he is a non-party, albeit one with a pecuniary interest, and that he cannot afford a *supersedeas* bond if one is required after an unfavorable judgment mandating the disposition of funds. But what *may* happen in the Pulaski County Circuit Court on this matter in the future amounts to crystal-ball gazing, and this court will not engage in such. Accordingly, as

matters stand today, we hold that Sims has an adequate remedy available to him in the form of a direct appeal, and we deny his petition for extraordinary relief. *See Weaver v. Sims*, 365 Ark. 289, 229 S.W.3d 15 (2006). We further deny his request for temporary relief and a stay.

■ There are, finally, the motions filed by Holleman, who was permitted to intervene in the Pulaski County Circuit Court case for judicial dissolution. Now, in his role as an intervenor and appellee, Holleman moves to dismiss Sims's petition for a writ of *certiorari* or, alternatively, prohibition on the basis that the record filed in connection with the petition was not certified by the Pulaski County Circuit Clerk, even though individual items in the filed record were certified by the clerk. Subsequent to this motion to dismiss, Holleman filed a supplemental record in this case certified by the Pulaski County Circuit Clerk. Because of this, the motion to dismiss is made moot by the action Holleman has taken.

In a second motion, Holleman asks for costs and attorneys fees associated with preparation of a supplemental record and preparation of the abstract and Addendum required by the supplemental record. He asks for $2,343.45 for the record and $1,880.00 in attorney's fees, at a rate of $100 an hour, for a total award of $4,223.45. Sims responds and admits he did not include all pleadings or abstract any hearings but denies the omissions were necessary to decide his petition.

■ We grant the request. While Sims's basic argument for extraordinary relief in his petition was premised on pleadings and orders, which were contained in the record he filed with this court, as well as interpretation of § 4-27-1432(a), he also raised fairness and due-process issues that necessarily required examination of the full record and an expanded abstract and Addendum. Holleman provided that record and the expanded abstract and Addendum. Even though we deny the petition due to an adequate remedy in the form of an appeal, we consider the request for fees and costs to be well taken, and we grant the request. *See Ragland v. Commercial Nat'l Bank of Ark.*, 276 Ark. 418, 635 S.W.2d 258 (1982).

The petition is denied without prejudice.

The motion to dismiss is moot.

The motion for costs and attorney's fees is granted.