Dennis THOMPSON *v.* JUDGE DAVID GUTHRIE

07-1018                                     284 S.W.3d 455

Supreme Court of Arkansas
Opinion delivered May 15, 2008

*Wm. C. Plouffe, Jr.,* for petitioner.

*Dustin McDaniel,* Att'y Gen., by: *Carolyn Boies Nitta,* Ass't Att'y Gen., for respondent.

Paul E. Danielson, Justice. Petitioner Dennis Thompson petitions this court for a writ of mandamus or a writ of prohibition directed to respondent Judge David Guthrie.[1] In it, Thompson asks this court to compel the circuit court to "either record chambers conferences and bench conferences or not hold any unrecorded chambers conferences or bench conferences" without his written waiver.[2] We deny the petitions without prejudice.

On September 18, 2007, Thompson filed a motion for summary disposition on issue of temporary relief and motion in limine. Within the motion, Thompson requested "that all in chambers conferences be on the record." Attached to the motion and incorporated by reference was a letter of the same date, in which Thompson stated "if the Court decides to have an in chambers conference, I request that, in accordance with Ark. Sup. Ct. Admin. Order No. 4, that it be fully and completely made part of the record, with the court reporter present." A hearing was held that day, and, three days later, Judge Guthrie entered an order in the matter, finding that Thompson's motions were "untimely, unnecessary and now moot." In addition, the circuit court made the following finding:

> 7. Plaintiff's request that in-chambers conferences be on the record is denied. The Court has a long established administrative practice of conferring in chambers, when necessary, informally and jointly with counsel prior to court proceedings. The suggested procedure would unduly burden the court reporter, delay the proceedings, and impugn the integrity of opposing counsel and the Court. Existing procedures are sufficient to protect and develop the record should such conferences generate a need to do so.

As a result of the circuit court's order, Thompson filed the instant petition with this court. The State, on behalf of Judge Guthrie, responded, and Thompson subsequently replied, moving to strike Judge Guthrie's response. We ordered the petition to be submitted as a case and passed on Thompson's motion to strike until the case was submitted.

---

[1] A writ of prohibition lies against the circuit court and not against an individual judge. See Arkansas Dep't of Human Servs. v. Collier, 351 Ark. 506, 95 S.W.3d 772 (2003). We will treat the prohibition petition as if it were filed against the Union County Circuit Court.

[2] We note that Admin. Order No. 4, on which Thompson relies for his argument to this court, does not require a written waiver, but a waiver "on the record." Admin. Order No. 4.

Briefing was commenced and during that time, Judge Guthrie moved to supplement the record with an amended order he entered on December 13, 2007, and we granted the motion. In the circuit court's order, Judge Guthrie observed that Thompson's petition to this court caused the court to recognize the need to amend its order. The circuit court did so and found, in pertinent part:

> 2. This Court will comply with all orders of the Supreme Court, including Administrative Order No. 4. Certainty of compliance can be assured simply because there will be no conference with Mr. Plouffe [Thompson's counsel] in chambers. In the case of *Ray v. Ray*, Union County Circuit Court No. CV-2005-61-6, and Court of Appeals No. CA06-1424, decided December 5, 2007, counsel initiated a conference in chambers without notice on a non-court day when the court reporter was in Texas. Mr. Plouffe subsequently misrepresented the substance and circumstances of that conference in appellate pleadings, alleging in part "... the trial court's failure to record the chambers conference..." (Statement of Case 5, Appellant's Brief). The Court has not had since, and will not have in the future, a conference in chambers with Mr. Plouffe. Furthermore, Mr. Plouffe has not ever requested and been denied a recorded conference in chambers and the issue was not discussed at the September 18 hearing. Plaintiff's request is theoretical and his efforts to compel are merely an academic exercise.

> 3. The Court hereby amends its order of September 21, 2007, by not ruling on counsel's request to record conferences in chambers as such a ruling without facts in controversy would amount to an advisory opinion.

As an initial matter, we hold that Thompson's motion to strike the response is moot, as briefs were timely filed by both parties. We turn, then, to the instant petition.

At issue is whether the circuit court's actions require a writ of mandamus or prohibition from this court. Thompson asks this court to either order Judge Guthrie to record all chambers and bench conferences by way of a writ of mandamus or to prohibit Judge Guthrie, by way of a writ of prohibition, from holding any

bench or chambers conferences unless they are recorded.[3] He contends that he has no other adequate remedy and that, pursuant to Administrative Order No. 4 of the Arkansas Supreme Court, Judge Guthrie has a mandatory duty to record all conferences. Judge Guthrie responds that because he amended the original order that served as the basis for Thompson's request for extraordinary relief, and because the amended order makes no ruling on the recording of chambers conferences, Thompson's petitions are moot. In the alternative, Judge Guthrie states that neither requested writ is warranted as a matter of law.

The problem in the instant case is that Thompson has failed to point to any specific proceeding held by the circuit court of which the circuit court denied recording. Administrative Order No. 4 of the Arkansas Supreme Court provides:

> Unless waived on the record by the parties, it shall be the duty of any circuit court to require that a verbatim record be made of all proceedings pertaining to any contested matter before it.

Ark. Sup. Ct. Admin. Order No. 4 (2007). We have held that we will strictly construe and apply Admin. Order No. 4. *See Williams v. State*, 362 Ark. 416, 208 S.W.3d 761 (2005). For that reason, the Order is mandatory and is not discretionary; indeed, we have remanded matters in which a contested issue was not recorded, directed that certain motions must be recorded, and reminded the bench and bar of the requirement of Admin. Order No. 4. *See, e.g., Dickinson v. State*, 367 Ark. 102, 238 S.W.3d 125 (2006) (underscoring the provisions of Admin. Order No. 4); *Williams v. State, supra* (holding that it was the circuit court's duty to require that a verbatim record be made of defense counsel's particular challenge to a videotape and of the circuit court's review of it); *George v. State*, 356 Ark. 345, 151 S.W.3d 770 (2004) (remanding for a hearing recorded verbatim on defendant's pretrial suppression motion); *Robinson v. State*, 353 Ark. 372, 108 S.W.3d 622 (2003) (requiring that all motions for directed verdict be conducted on the record at the times such motions are mandated); *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003) (emphasizing once more that Admin. Order No. 4 requires that a verbatim record of all proceedings pertaining to any contested matter be made); *Allen*

---

[3] We note that neither Thompson's requests by motion and letter to the circuit court, nor either of the circuit court's orders, refers to bench conferences.

*v. Burton*, 311 Ark. 253, 843 S.W.2d 821 (1992) (observing, where a verbatim record of appellant's objection to a jury instruction was not made, that this court is put at a considerable disadvantage in reviewing points pertaining to unrecorded hearings, when a verbatim record is not before us).

In the instant matter, Thompson's request of the circuit court was made regarding any future in-chambers conference to be held. For this reason, neither extraordinary writ requested will lie. First, a writ of mandamus is issued by this court only to compel an official or judge to take some action. *See Weaver v. Simes*, 365 Ark. 289, 229 S.W.3d 15 (2006). When requesting a writ of mandamus, a petitioner must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *See id.* Mandamus is never granted in anticipation of an omission of a duty, but only after actual default. *See Ex parte Cutting*, 94 U.S. 14 (1876); *see also* 52 Am. Jur. 2d *Mandamus* § 60 (2008).

■ Here, Thompson has not shown a clear and certain right to the relief he seeks where there has been no actual default by the circuit court. While the circuit court did "deny" Thompson's request in its original order, the record does not reveal that any in-chambers conference was held without being recorded. Thus, we cannot say that the circuit court's denial was ever put into effect or that there was an actual default by the circuit court. Moreover, the circuit court entered an amended order in which it specifically stated that it was "not ruling on counsel's request to record conferences in chambers." Accordingly, no actual default has been made by the circuit court that would permit mandamus relief, and Thompson has made no showing of a clear and certain right to relief. We, therefore, deny the petition for writ of mandamus without prejudice.

■ In addition, we hold that a writ of prohibition is also inappropriate, as the writ will only lie when a circuit court is wholly without jurisdiction. *See Smith v. Fox*, 358 Ark. 388, 193 S.W.3d 238 (2004). Here, the circuit court clearly had jurisdiction to hear the matter before it.

In sum, no action has been taken by the circuit court, which could be resolved by the issuance of an extraordinary writ. Were we, at this juncture, to issue one of the writs requested, it would be

premature, and we will not issue anticipatory writs.[4] For these reasons, we deny the writs requested without prejudice.

Writs denied without prejudice.

GLAZE, BROWN, and IMBER, JJ., dissent.

TOM GLAZE, Justice, dissenting. This court took this case as a regular submission because its focus involves Administrative Order No. 4, which provides that, "unless waived on the record by the parties, it shall be the duty of any circuit court to require that a verbatim record be made of all proceedings pertaining to any contested matter before it."

Our court promulgated the order in 1991 because of concerns that some trial courts had local rules that conflicted with the Arkansas Rules of Civil Procedure and that affected the rights of litigants. To become aware of these rules, a litigant or counsel might have had to wade through many pages of confusing material. Ark. R. Civ. P. 83 publisher's note (abolished 1988); *In re Changes to Ark. Rules of Civil Procedure*, 294 Ark. App'x 664, 742 S.W.2d 551 (1987) (per curiam) (abolishing local rules effective March 14, 1988). In the instant case, as alluded to in the majority opinion, the trial court made the following ruling:

> Plaintiff's request that in-chambers conferences be on the record is denied. The court has a long established administrative practice of conferring in chambers, when necessary, informally and jointly with counsel prior to court proceedings. The suggested procedure would unduly burden the court reporter, delay the proceedings, and impugn the integrity of opposing counsel and the Court. Existing procedures are sufficient to protect and develop the record should such conferences generate a need to do so.

Clearly, the trial court relied on its own long-established administrative rule or policy when it denied counsel's request pursuant to Administrative Order No. 4, rather than following the

---

[4] Because no action has been taken by the circuit court requiring the issuance of an extraordinary writ, we render no opinion as to whether in-chambers conferences fall within the requirement of Admin. Order No. 4. We do, however, wish to emphasize the need for a complete and accurate record and take this opportunity to again remind the bench and bar of the language in Admin. Order No. 4, which requires "*a verbatim record be made of all proceedings pertaining to any contested matter before it.*" (Emphasis added.)

language set out in the order. The trial court later amended its order of denial, stating it would comply with Administrative Order No. 4, but added, "certainty of compliance can be asserted because there will be no conference with counsel in chambers. Furthermore, the trial court has not had since, and will not have in the future, a conference in chambers with counsel." The trial court's amended order appears to be an over-broad construction of Administrative Order No. 4 and seems intended to notify counsel that any requests for an in camera or in-chambers hearing would be denied, even if both sides were willing to waive having a verbatim record. Here, the trial court had the duty under Order No. 4 to provide a record, and it was not Thompson's burden to establish the need for a record.

In reading the record, it becomes clear that the trial court and counsel had had a similar problem arising out of another case where counsel allegedly asked the trial court for a record to be made, but counsel's request was refused. The trial court emphatically denied such a charge. Though hard feelings between the trial court and counsel might reasonably be expected to arise in these circumstances, the trial court is still required to follow court orders, rules, and the law. On the other hand, if counsel violates the court's orders or the canons of professional conduct, there are sanctions that can be imposed. This, too, is yet another reason why a record must be taken in any or all contested matters unless waived by all parties. Simply defined, a contested hearing is one in which at least one of the parties has objections regarding one or more matters before the court. *See Black's Law Dictionary* 738 (8th ed. 2004).

In sum, under the plain language of Administrative Order No. 4, the trial court had the *duty* to provide a verbatim record to be made in all proceedings pertaining to *any* contested matter before it. Again, Administrative Order No. 4 places the duty on the circuit court to provide a record when a contested matter arises in any proceedings. I strongly disagree with the majority's statement that Thompson did not show a clear and certain right to the relief he sought, which is a prerequisite to a writ of mandamus. In this case, the trial court refused to discharge the duty imposed by Administrative Order No. 4. Therefore, under the circumstances, I agree that mandamus does apply and should be granted.

IMBER, J., joins this dissent.

ANNABELLE CLINTON IMBER, Justice, dissenting. I strongly disagree with the majority's analysis. The actions of the circuit court clearly violated Administrative Order No. 4. This court should issue a writ of mandamus directing the circuit court to fully comply with the requirements of Administrative Order No. 4.

The majority concludes that Thompson has failed to point to any specific proceeding that the circuit court refused to record. I cannot agree. A chronology of the events and filings in the underlying case is helpful in understanding the nature of Thompson's request. Thompson's case against Barbara and Ray Burbank originated on July 21, 2005, with Thompson's filing of a "Petition for Equitable Relief & Damages." In his petition, Thompson averred that the property being purchased by him from the Burbanks was vandalized, and that various insurance checks were thus issued to him, at least one of which required a signature by the Burbanks. The Burbanks refused to provide the necessary signatures, thereby preventing Thompson from acquiring funds for the repair of the property. Because the insurance company indicated that the settlement would expire by August 20, 2005, Thompson asked the court to schedule an immediate hearing for mandatory injunctive relief. He also requested damages for the delay and an award of attorneys' fees and costs.

The record reflects that a hearing was eventually scheduled and then cancelled. A letter from Thompson's attorney to the circuit court dated January 25, 2007, indicated the attorneys' mutual agreement that the "temporary issue" could be submitted and decided on the briefs. On April 3, 2007, Thompson filed a "Brief for Interim Equitable Relief," requesting an order directing the Burbanks to immediately provide the necessary signatures. The brief stated that Thompson had proposed four different contractors to the Burbanks, each of which they rejected. Apparently, the Burbanks did not file a brief. The circuit court did not provide a ruling.

On April 17, 2007, counsel for the Burbanks sent a letter to the circuit court, requesting that a hearing be scheduled. A hearing was set for September 18, 2007. However, on that date, counsel for the Burbanks sent another letter to the circuit court, stating that his clients "need[] an opportunity to inspect the property and cannot supply a contractor's proposal absent that opportunity to inspect and get an estimate on the damages." He requested that the

issues "be dealt with at a future scheduling."[1] In response, Thompson filed a "Motion for Summary Disposition on Issue of Temporary Relief & Motion in Limine." An attached letter stated that Thompson opposed the Burbanks' request for a continuance. He requested summary disposition in the form of an order directing the Burbanks to immediately release the insurance funds, as well as a ruling in limine preventing the Burbanks from presenting any evidence on the "temporary issue," due to their previous failure to submit any brief or counterproposal.

This motion for summary disposition and the attached letter contained Thompson's requests for the recording of in-chambers conferences, as quoted in the majority opinion. Although the motion itself requested that "all in chambers conferences" be on the record, the incorporated letter referenced a specific conference. After stating the basis for the motion for summary disposition, the letter concluded as follows: "Further, if the Court decides to have an in chambers conference, I request that, in accordance with Ark. Sup. Ct. Admin. Order No. 4, that it be fully and completely made part of the record, with the court reporter present." In my view, Thompson was requesting the recording of any conference or hearing *on the motion for summary disposition.* I fail to see how this request could have been any more specific. The case between Thompson and the Burbanks was clearly a contested matter, and a hearing on the motion for summary disposition would clearly have been a proceeding. Such a conference would have to be recorded pursuant to Administrative Order No. 4.

The circuit court nonetheless denied Thompson's request, in its September 21, 2007, order. The language of the denial reflects the circuit court's misinterpretation of the administrative order. While the circuit court's order refers to a "long established administrative practice" of holding unrecorded in-chambers conferences, Administrative Order No. 4 requires that the circuit court record all proceedings pertaining to any contested matter, unless waived on the record by the parties. Indeed, it is the duty of the circuit court to require this verbatim record without regard to whether such proceedings occur in chambers or in the courtroom. Moreover, the circuit court's amended order, entered after

---

[1] The circuit court's amended order, dated December 13, 2007, states that a hearing was held on September 18; however, a record of that hearing is not before us. It is not clear whether the hearing was continued, held but not recorded, or recorded, with the transcript not a part of the record before us.

Thompson's petition was filed with this court, also indicates a similar misinterpretation of the administrative order. In an effort to render Thompson's petition moot, the circuit court refused to provide a ruling on Thompson's request to make a record. While assuring compliance with Administrative Order No. 4, the circuit court stated that it would hold no more in-chambers conferences with Thompson's counsel. Such a ruling not only foreclosed Thompson's right to waive a verbatim record of proceedings, but it also imposed a penalty on Thompson as a result of his counsel's request for a verbatim record of any conference on the pending motion for summary disposition. For these reasons, I believe that the circuit court's amended order also violated Administrative Order No. 4.

Furthermore, under the administrative order, Thompson was not required to request that all proceedings be conducted on the record; rather, Administrative Order No. 4 provides that proceedings pertaining to contested matters must always be recorded, unless waived by the parties. Therefore, the parties, and not the court, have the discretion to forego making a record. Here, both orders entered by the circuit court suggest a belief that the court is free to decide which proceedings pertaining to a contested matter need to be recorded. This belief is contrary to the plain language of Administrative Order No. 4.

Our case law is clear. We have previously put the bench and bar on notice that we will strictly construe and apply Administrative Order No. 4. *Robinson v. State*, 353 Ark. 372, 108 S.W.3d 622 (2003). "Under Administrative Order No. 4, unless the parties agree otherwise, it [is] the duty of the circuit court to require a verbatim record in any contested proceeding before it." *Id.* at 378, 108 S.W.3d at 625. The circuit court in the instant case failed to comply with this duty, and I would issue a writ of mandamus directing it to do so.

GLAZE and BROWN, JJ., join this opinion.