Billy Joe BRITTON *v.* STATE of Arkansas

CR 93-832 · 870 S.W.2d 762

Supreme Court of Arkansas
Opinion delivered March 7, 1994
[Rehearing denied April 18, 1994.*]

*Kearney Law Offices*, by: *John L. Kearney*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sherry L. Daves*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. On April 7, 1993, Billy Joe Britton was convicted as a habitual for the delivery of a controlled substance. At trial, the state offered evidence that, on October 14, 1989, Officer Willie Robinson, an undercover investigator, and a confidential informant made a controlled buy from Britton of one small plastic bag of cocaine for twenty dollars. Britton was not charged with the offense until the state arrested him on August 19, 1992, and filed an information on September 11, 1992. The original and a later amended information filed on March 10, 1993, both reflected the date of the offense was October 14, *1991*. The first amended information added that Britton was a habitual offender. On April 6, 1993, the day before Britton's trial, the state again amended the prior information to reflect that Britton's alleged criminal offense occurred on October 14, *1989*.

For reversal, Britton presents four points, but none of them are properly preserved on appeal. He claims that (1) the

---

*Corbin, J., not participating.

state's information as amended did not correctly charge him with delivery of cocaine or as a habitual, (2) the delay in bringing the charges prejudiced him, (3) he was improperly denied the testimony of his sole alibi witness, and (4) a prison photograph of him was improperly displayed to the jury. As pointed out by the state, the trial court's rulings on each of these objections are fatally absent from the abstract of record. *Lenell* v. *State*, 283 Ark. 162, 671 S.W.2d 741 (1984).[1] Our rule is clear that, without proper abstracting, seven justices would be constrained to pore through the sole record of the case on file with the clerk of the supreme court in search of the error(s) propounded by the defense. We have said repeatedly, and our rule so states, that we will not go to the record in search of prejudicial error. *Haynes* v. *State*, 313 Ark. 407, 855 S.W.2d 313 (1993).

Besides not having the trial court's rulings before us, we must also mention the extreme difficulty we have in understanding or reaching the errors assigned in this appeal because of the abbreviated or limited abstract provided the court. Britton's abstract consists of nine pages and omits pertinent pleadings and testimony set out in a transcript which contains 286 pages. Such omissions prevent us from having a full and fair understanding of the arguments made by the parties in this appeal. For example, much of Britton's argument for seeking reversal involves his contention that he was misled to believe up until the trial date that he was defending against an offense which purportedly occurred on October 14, *1991* — a date which provided him a perfect alibi because he was then in the penitentiary serving a sentence for yet another criminal offense. He claims the state's amending its information a day before trial caused him to defend against a different crime, namely, one occurring on October 14, *1989*, not October 14, *1991* as originally charged.

Important documents contained in the transcript are omitted from Britton's abstract and support the state's position that the October 14, 1991 date in the original and first amended information was a typographical error and should have read 1989. In

---

[1] We note that one justice's review of the sole transcript of the proceedings below sets forth concise reasons given by the trial court for ruling as it did on each objection that Britton made below and now argues on appeal. Britton, however, fails to abstract these rulings or mention them in his argument.

fact, those documents and pleadings reflect Britton was well aware that the state's case from its inception centered on Britton's having committed the alleged offense on October 14, 1989. The state's affidavit and arrest warrant and attached police report reflect the offense occurred on October 14, 1989, as did the state's criminal laboratory report. Even Britton's pro se motions referred to October 14, 1989 as being the date of the offense. The state's documents were filed and available as early as September 11, 1992, the date of filing of the original information.

■ Other pertinent matters, including exhibits (prosecutor's letters to Britton's counsel), state responses, and colloquy between the court and counsel, are absent from the abstract that would be relevant to this appeal, but we need not belabor our point further. Suffice it to say, the abstract of record before this court is seriously insufficient and fails to provide a record which would allow us a full and fair understanding of the issues presented or to permit a decision in this case. Therefore, we affirm.

CORBIN, J., not participating.