Farris Eugene CONEY *v.* STATE of Arkansas

CR 94-1220                                              894 S.W.2d 583

Supreme Court of Arkansas
Opinion delivered March 6, 1995

*Joe Kelly Hardin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant in this case, Farris Eugene Coney, appeals from a judgment of conviction for attempted murder in the first degree and escape in the second degree. He was sentenced as a habitual offender to 50 years and fined $15,000 on the attempted murder conviction and sentenced to 12 years and fined $10,000 on the escape conviction for a total prison term of 62 years and total fines of $25,000. He contends on appeal that the trial court erred in permitting the State to introduce three photographs of the victim at his trial.

The State presented the following case at trial. During the early morning hours of May 12, 1994, Deana Goforth, according to her testimony, returned to her home on Highway 5 South outside of Mablevale after driving around with the appellant Coney that night and listening to music. She had dropped Coney off at his trailer. She thinks that she then took her son to school around 8:00 a.m., and when she returned, Coney had arrived at her home. Deana Goforth's daughter, Carla Thornton, who was age 18, was also there. Goforth lay down on her living room couch to take a nap at about 10:00 a.m. Carla Thornton was in the kitchen doing the dishes when she heard a loud noise in the living room. She went in and saw Coney standing over her mother with a hammer in his hand. She saw Coney hit her mother three times with the hammer using both of his hands. The blows caused three compound depressed fractures to Goforth's skull. Thornton ran out of the house and called the police from a neighbor's home. Coney was arrested, charged with attempted murder, and placed in the Saline County Jail. On May 19, 1994, Coney escaped from the county jail and was subsequently arrested and charged with escape in the second degree.

At trial, the State sought to introduce five photographs of the victim in the hospital after the beating. Defense counsel objected on grounds of irrelevancy and prejudice. The trial court excluded two of the photographs as duplicative and allowed the introduction of the other three. Coney testified in his defense and stated that he did not remember hitting Goforth with the hammer.

■ The only point raised on appeal is that the trial court erred in allowing the State to introduce the three photographs of Goforth in the hospital. We affirm but do so on a procedural ground. Rule 4-2(a)(6) of the Rules of the Supreme Court provides in relevant part:

> Whenever a map, plat, photograph or other similar exhibit, which cannot be abstracted in words, must be examined for a clear understanding of the testimony, the appellant shall reproduce the exhibit by photography or other process and attach it to the copies of the abstract filed in the Court and served upon the opposing counsel, unless this requirement is shown to be impracticable and is waived by the Court upon motion. (Adopted by Per Curiam Order dated February 1, 1993.)

Rule 4-2(b)(2) of the Rules of the Supreme Court further provides that this court may address the issue of a flagrantly deficient abstract on its own and affirm the judgment for noncompliance with the rule.

■ The three photographs of Goforth which were admitted into evidence and which are at issue in this appeal were not included as part of Coney's abstract of the record in his brief. Those photographs were essential for a clear understanding of the objection which forms the basis for this appeal. Because of the failure of Coney to include them, we deem his abstract to be flagrantly deficient and affirm the judgment of conviction. *Goins v. State*, 318 Ark. 689, 890 S.W.2d 602 (1994); *Carton v. Missouri Pac. R.R.*, 315 Ark. 5, 865 S.W.2d 635 (1993); *see also Marshall v. State*, 316 Ark. 753, 875 S.W.2d 814 (1994) (Rule 4-2(a)(6) cited but issue of prejudicial photographs considered due to sentence of life without parole). We have said many times that with only one record on appeal and seven justices, it is essential that the material parts of the record be abstracted. *See, e.g., Franklin v. State*, 318 Ark. 99, 884 S.W.2d 246 (1994); *Britton v. State*, 316 Ark. 219, 870 S.W.2d 762 (1994).

Affirmed.