Larry C. DONIHOO *v.* STATE of Arkansas

CR 95-1194                                        931 S.W.2d 69

Supreme Court of Arkansas
Opinion delivered September 16, 1996

*Garnet E. Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Larry C. Donihoo was convicted of multiple counts of statutory rape and violation of a minor in the first degree and sentenced to 90 years in prison. He appeals, urging that the trial court erred in refusing to sever the counts, in allowing photographs and a videotape of sex acts into evidence, in allowing a state witness to testify about matters which surprised him, and in permitting references to parole eligibility by the State in closing argument. The points on appeal are without merit, and we affirm.

The State presented the following evidence at trial. Christina Ward, the victim, testified that she was born on July 6, 1977, and that Donihoo moved in with her and her mother, Jacque Ward, when Christina was three. She testified that Donihoo acted like a father towards her, but that he made her perform oral sex and have sexual intercourse with him after the family moved to East 48th Street in Texarkana in 1989, when she was about 13. She estimated that this happened sometimes two to three times a week while her mother and brother were at work. She testified that she did not tell her mother at the time because Donihoo told her that he would kill her if she told anyone. Christina testified that before the family moved to East 48th Street, Donihoo would fondle her and that these early occurrences began when she was three.

Christina also identified herself and Donihoo in certain polaroid photographs admitted into evidence. She stated that Donihoo began to take photographs of them on East 48th Street, and she added that four photographs entered into evidence, two of which depicted sexual acts and two of which show Christina posing naked, were taken before her 14th birthday on July 6, 1991. The State introduced other photographs of Donihoo and Christina engaged in sexual intercourse, and Christina testified that these pictures were

also taken before her 14th birthday.

Donihoo, according to Christina, engaged in sexual activity with her on her 14th birthday, when her mother and brother left to go get her birthday present. She testified that after she turned 14 the family moved to Crosby, Texas, then to Georgia, and finally back to Texarkana in 1993. They rented a house from John Yarberry on Highway 71 South, and Donihoo had continual sexual relations with her at that location while her mother was at work.

Christina also described how Donihoo used a video camera to record his sexual activities with her, which included tying her to a bed and having sexual intercourse with her. Christina stated that she did not want to do any of the acts depicted on the tape and objected to them. She testified that she was at least 16 when the tape was made.

On cross-examination, counsel for Donihoo introduced 27 polaroid photographs· depicting sexual conduct between the pair or nudity or various stages of undress and asked Christina specific questions about how old she was when the pictures were taken. She answered that all of the pictures taken on East 48th Street were taken before her 14th birthday. Defense counsel further cross-examined Christina on whether she consented and was a willing partner in the sexual conduct with her stepfather.

At trial, Jacque Ward, the victim's mother, confirmed the moves of the family and the years that they took place. She testified that she returned home from work on or about February 8, 1994, and Christina told her about her sexual activity with Donihoo and that she was pregnant. Ward testified that when she heard that, she immediately called Donihoo who was working in Zachary, Louisiana. She told him that Christina was pregnant, and she asked if he was the father. Donihoo admitted that he was. Two days later, medical tests confirmed that Christina was eight-and-a-half weeks pregnant with twins. The pregnancy was aborted.

Ward testified that on the day after she learned about Donihoo's relationship with her daughter, she went to the Miller County Sheriff's Department with the polaroid photographs and the videotape depicting sexual activities between Christina and Donihoo. Ms. Ward also confirmed which photographs were taken at the East 48th Street address and that the videotape was made at the leased residence on Highway 71 South.

The State called Edward Dacey, a senior product engineer with Polaroid Corporation, to testify about when the polaroid film used in the photographs was manufactured. Based on the code on the back of the film, he was able to determine the approximate date. He testified that the film had a 12-month product life, which provided a time frame within which the photographs were taken. Thirty-five photographs were made in either September or October of 1990 when Christina was 13.

Donihoo took the stand in his own defense. He admitted sexual conduct with Christina but testified that it began only after she turned 14. He also admitted taking all the photographs but one and paying Christina for sexual favors.

The jury found Donihoo guilty on four counts of statutory rape (Ark. Code Ann. § 5-14-103(a)(3) (Repl. 1993)), and three counts of violation of a minor in the first degree (Ark. Code Ann. § 5-14-120 (Repl. 1993)). The jury deadlocked on three charges of forcible rape, and a mistrial was declared on those charges. The jury assessed 40 years imprisonment on each of the statutory rape counts and ten years on each charge of violating a minor. The trial court ran part of the statutory rape sentences consecutively which resulted in a total prison term of 90 years.

## I. Severance

Donihoo primarily contends in his first point that the Rape Shield Statute was improperly applied in a trial for both statutory rape and violation of a minor because the statute is not applicable to a charge of violating a minor. See Ark. Code Ann. § 16-42-101(b) (Repl. 1994). Thus, he asserts, severance should have been granted to enable him to introduce Christina's prior sexual conduct for purposes of the violation-of-a-minor charges. He was prejudiced, he argues, by not being able to do so because that evidence would have confirmed that Christina consented to the sexual activity and that he in no way forced or compelled her to engage in sexual intercourse or deviate sexual activity. The State counters that Donihoo is foreclosed from mounting the severance issue as it relates to the Rape Shield Statute because no motion to sever raising this precise argument was abstracted.

A general motion to sever, however, was abstracted, and that motion states that severance "is necessary and appropriate for a fair determination of the Defendant's innocence of each offense."

Donihoo's counsel later raised the Rape Shield argument during trial in connection with the violation-of-a-minor charges when he was foreclosed from presenting proof of other sexual conduct, and that argument is referred to in the abstract of trial testimony. The trial court noted that it had withheld ruling on the matter until it heard the evidence. The Rape Shield argument relating to the severance motion is also contained in the abstract of Donihoo's motion for a new trial. We conclude that the abstract is not flagrantly deficient, and we will address the issue.

■■ We agree with Donihoo that the Rape Shield Statute does not apply to charges for violation of a minor, but Donihoo's argument must fail for two reasons. First, he failed to proffer evidence of Christina's other sexual conduct. Without that proffer, this court has no way of deciding if the evidence was relevant. *Lindsey* v. *State*, 319 Ark. 132, 890 S.W.2d 584 (1994); *Jackson* v. *State*, 284 Ark. 478, 683 S.W.2d 606 (1985). In addition to that, Donihoo sought to show that Christina engaged in sexual conduct with another man in part to prove that she was a willing participant in her sexual relationship with Donihoo and did not do so out of fear or because of threats. Consent, however, is not a defense to violation of a minor in the first degree. *See* Ark. Code Ann. § 5-14-120 (Repl. 1993). Thus, any evidence of prior sexual conduct in connection with the violation-of-a-minor charges would have been irrelevant. The trial court did not abuse its discretion in refusing to sever these counts. *See Evans* v. *State*, 317 Ark. 532, 878 S.W.2d 750 (1994).

■ On a final note, Donihoo insists in this argument that there was no substantial evidence of physical force or threat and that the photographs clearly show a girl of 16 years rather than one under the age of 14. Any argument of insufficient evidence is not preserved for review because Donihoo only made a general motion for directed verdict at the close of the State's case and did not renew the motion at the conclusion of all the evidence. *Baxter* v. *State*, 324 Ark. 440, 922 S.W.2d 682 (1996); *Mitchell* v. *State*, 323 Ark. 116, 913 S.W.2d 264 (1996); *Heard* v. *State*, 322 Ark. 553, 910 S.W.2d 663 (1995).

## II. Photographs and Videotape

Donihoo next argues that he was prejudiced by the admission of the photographs and videotape into evidence. His abstract, how-

ever, does not contain either the photographs or the videotape. Supreme Court Rule 4-2(a)(6) provides:

> Whenever a map, plat, photograph, or other similar exhibit, which cannot be abstracted in words, must be examined for a clear understanding of the testimony, the appellant shall reproduce the exhibit by photography or other process and attach it to copies of the abstract filed in the court and served upon opposing counsel, unless the requirement is shown to be impracticable and is waived by the Court upon motion.

Ark. Sup. Ct. R. 4-2(a)(6).

■ Donihoo has failed to abstract those photographs that he contends were prejudicial. Nor has he shown that the abstract requirement was waived by this court. Those photographs were necessary to a clear understanding of the objection that forms a basis for this appeal. *Coney v. State*, 319 Ark. 709, 894 S.W.2d 583 (1995). With only one record on appeal and seven justices, it is essential that the material parts of the record be abstracted. *Id*. We conclude that the issue as it relates to the photographs is not preserved for our review.

■■ The omission of the videotape from the abstract requires a somewhat different analysis. A bulky videotape does not readily lend itself to abstracting in a brief the way photographs do. But we have held that failure to abstract the prejudicial parts of a videotape precludes our consideration of the videotape on appeal. *Edwards v. State*, 321 Ark. 610, 906 S.W.2d 310 (1995). That is certainly a lapse in the instant case. In addition, the evidence in this case shows that the videotape was made when Christina was older than 14. Indeed, Christina testified that she was at least 16 at the time. Hence, Donihoo's argument that the videotape shows Christina as 14 or older was not contested by the State or a bone of contention between the parties. There is no basis for reversal on this point.

### III. Discovery Violation

Donihoo next contends that the State violated Rule 17.1 (a)(i) of the Arkansas Rules of Criminal Procedure when it failed to disclose to him before trial that John Yarberry had viewed the videotape of Donihoo having sexual relations with Christina. He argues that the error was compounded when the State presented

testimony that Yarberry was disgusted by Donihoo's actions.

Defense counsel did object to Yarberry's testimony at trial on the basis that he was surprised by it, but made no additional request for a recess or continuance. The State responded that it had listed Yarberry as a witness prior to trial and provided that information to defense counsel. The trial court overruled defense counsel's objection. During Donihoo's cross-examination of Yarberry, Yarberry testified that he and Donihoo were friends and that he had not seen anything amiss in Donihoo's family life. On re-direct, the State elicited testimony that Yarberry was disgusted by the videotape and would not have associated with Donihoo if he had known about his sexual activity with Christina. Donihoo's counsel then objected to Yarberry's opinion on relevancy grounds. The State responded that Donihoo's counsel opened the door with his line of questioning because he left the impression that Yarberry and he were still good friends and that he believed nothing was wrong with Donihoo's family life.

■ Arkansas Rule of Criminal Procedure 17.1(a)(i) requires the State to disclose the names and addresses of the witnesses it intends to call, but it does not require the State to disclose the substance of their expected testimony. *Holloway* v. *State*, 310 Ark. 473, 837 S.W.2d 464 (1992); *Cox* v. *State*, 36 Ark. App. 173, 820 S.W.2d 471 (1991). Furthermore, this court has stated that a defendant cannot rely on discovery as a total substitute for his or her own investigation. *Heard* v. *State*, 316 Ark. 731, 876 S.W.2d 231 (1994). The trial court did not abuse its discretion in overruling Donihoo's objection to the discovery violation.

■ Nor did the trial court err in permitting Yarberry to testify about his reaction to the photographs and videotape. Donihoo's counsel elicited from Yarberry that he was a friend and did not perceive anything was wrong with Donihoo's family life. To blunt this testimony, the State was perfectly within its rights to ask Yarberry's opinion of Donihoo after viewing the videotape. *Cf. Gooden* v. *State*, 321 Ark. 340, 902 S.W.2d 226 (1995). There was no error in this regard.

### IV. Parole Argument

■ Donihoo finally contends that the prosecuting attorney violated due process when he argued the possibility of parole in the penalty phase of trial. During closing arguments, the prosecutor

explained that Donihoo will serve only one fourth of his sentence if he is a model prisoner. Donihoo, however, failed to object to this argument at trial, which precludes this court from reviewing the issue. *See Byrum* v. *State*, 318 Ark. 87, 884 S.W.2d 248 (1994); *Marshall* v. *State*, 316 Ark. 753, 875 S.W.2d 814 (1994). Accordingly, we will not address it.

Affirmed.