Timothy G. EVANS *v.* STATE of Arkansas

CR 96-649                                      931 S.W.2d 136

Supreme Court of Arkansas
Opinion delivered October 21, 1996

*Davis & Watson, P.A.*, by: *Charles E. Davis*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

BRADLEY D. JESSON, Chief Justice. The appellant, Timothy Evans, was convicted of raping a fifteen-year-old boy and was sentenced to forty years in prison. We affirm.

Evans first argues that the evidence was insufficient to support his conviction. At trial, the victim testified unequivocally that Evans, a close family friend, raped him during an overnight camping trip on September 23, 1994. Evans contends that the State offered no proof to corroborate the victim's testimony. We cannot address this issue because the appellant is presenting it for the first time on appeal. His directed verdict motion at the trial level was made on the sole ground that the prosecution had not proven the offense occurred in Carroll County. Parties cannot change their grounds for objection on appeal. They are bound by the scope and nature of the objections and arguments presented at trial. *Campbell* v. *State*, 319 Ark. 332, 891 S.W.2d 55 (1995). In any event, we have held many times that the uncorroborated testimony of a rape victim is sufficient to support a conviction. *Gatlin* v. *State*, 320 Ark. 120, 895 S.W.2d 526 (1995); *Caldwell* v. *State*, 319 Ark. 243, 891 S.W.2d 42 (1995).

Next, Evans argues that the trial court erred in failing to suppress a videotaped statement he gave to Lieutenant J.R. Ashlock of the Carroll County Sheriff's Department. In November and December of 1994, Lt. Ashlock conducted an investigation concerning allegations that Evans had raped the victim herein. On December 8, 1994, Evans agreed to come in to the Sheriff's Department for an interview. During the course of the interview, Evans confessed to the crime. Prior to trial, he filed motions to suppress his confession on the basis that he was unaware the interview was being videotaped and on the basis that the confession was the product of coercion, improper influence, and deception. The trial judge denied the motions. In reviewing a trial judge's ruling on a motion to suppress, we make an independent determination based on the totality of the circumstances and reverse only if the ruling is clearly against the preponderance of the evidence. *Watson* v. *State*, 308 Ark. 643, 826 S.W.2d 281 (1992). We are unable to conduct

such a review in this case because Evans has not abstracted either the videotape or the transcript of his statement, nor has he shown that the abstract requirement was waived by the court. *See* Rule 4-2(a)(6) of the Arkansas Supreme Court Rules. Some of the testimony at trial alluded to matters contained in the statement, but, in the absence of the statement itself, we cannot make an independent determination based on the totality of the circumstances. We are aware that a videotape does not ordinarily lend itself to abstracting in a brief, but we have held that failure to abstract the prejudicial parts of a videotape precludes our consideration of the videotape on appeal. *Donihoo* v. *State*, 325 Ark, 483, 931 S.W.2d 69 (1996); *Edwards* v. *State*, 321 Ark. 610, 906 S.W.2d 310 (1995). Additionally, Evans could easily have abstracted the transcript of his statement. Since he did not do so, we cannot address the issues surrounding the admissibility of his statement. *See Beebe* v. *State*, 301 Ark. 430, 784 S.W.2d 765 (1990).

Finally, Evans argues that the trial court erred in excluding evidence that the victim in this case had sexually abused his stepsister. The record indicates that the abuse occurred in November of 1994, more than a month after the victim herein was raped. The State argued that such evidence was highly prejudicial and irrelevant. A trial judge's ruling regarding relevancy is entitled to great weight and will be reversed only if the court abused its discretion. *Dixon* v. *State*, 311 Ark. 613, 846 S.W.2d 170 (1993). We find no abuse of discretion in this case.

Affirmed.