Thomas Vernon WILLIAMS  *v.*
STATE of Arkansas

CR 04-964                                        208 S.W.3d 761

Supreme Court of Arkansas
Opinion delivered May 19, 2005

*Phyllis J. Lemons,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Brent P. Gasper,* Ass't Att'y Gen., for appellee.

PER CURIAM. ■ Appellant Thomas Vernon Williams has appealed the order of the Grant County Circuit Court convicting him of rape and sentencing him to life imprisonment. He raises five points for reversal, including challenges to the sufficiency of the evidence and to the trial court's order denying suppression of his custodial statements. Both issues necessarily require us to consider the contents of videotaped statements, which we are not able to do with the record before us. Even though the videotape containing the statements is part of the record on appeal, the relevant portions have not been abstracted, nor has a transcript been provided. Additionally, as discussed below, the record in this matter is not a verbatim recording of what occurred below. We therefore remand this matter to settle the record.

The record indicates that a portion of one of Appellant's videotaped statements was played for the jury. However, the testimony itself is not included in the record. Instead, the record merely reflects where on the tape the testimony is found: "From the beginning of the video, the relevant portion begins at 1 hour, 2 minutes and concludes at 1 hour, 3 minutes, 30 seconds."

Similarly, the portions of Appellant's videotaped statements that defense objected to are not contained in the record. Appellant argued below that his statement was inadmissible because the interviewing officer made false statements of leniency. On the date of the suppression hearing, the trial court instructed defense counsel to specify the particular statements being challenged. Defense counsel did so, but off the record, in the court's chambers. The record merely reflects that defense counsel presented the court with a list of "a number of excerpts from the taped interview," and that the trial court reviewed those excerpts and found that the officer's remarks did not render the statement involuntary. Defense counsel then proceeded to read the list of excerpts into the record, that were to be measured from the beginning of the tape:

> [T]he Court's first ruling on the excerpt was at [the]19 minute, 25 second mark of the overall tape through the 20 minute, 10 second mark; again, at the 27 minute through the 28 minute mark; again at the 30 minute, 15 second mark through the 32 minute, 20 second mark; again at the 33 minute, 50 second mark for a period of about 30 seconds; and lastly, from the 38 minute, 20 second mark to the 46 minute, 30 second mark.

Nowhere in the record is there any specific description of the particular statements made on the videotape that defense counsel

found objectionable and that the trial court reviewed. Additionally, the record does not contain a transcript of the videotape.

Our Administrative Order No. 4 provides: "Unless waived on the record by the parties, it shall be the duty of any circuit court to require that a verbatim record be made of all proceedings pertaining to any contested matter before it." This court recently put the bench and bar on notice that it would henceforth strictly construe and apply Administrative Order No. 4. *See Robinson v. State*, 353 Ark. 372, 108 S.W.3d 622 (2003). *See also Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003) (emphasizing that a verbatim record of the proceedings is a requirement). Both *Robinson* and *Bradford* involved conversations that occurred in chambers and were not transcribed.

■ Here, the trial court's off-the-record review of the videotape was the virtual equivalent of an in-chambers proceeding. Moreover, this off-the-record review was in no way cured by defense counsel's reading into the record the locations on the tape where the alleged prejudicial statements were made. Under Administrative Order No. 4, it was the trial court's duty to require that a verbatim record be made of defense counsel's particular challenge to the videotape and of the trial court's review of it. It was likewise the trial court's duty to require a verbatim record of the portion of the tape that was played to the jury.

■ Moreover, it is Appellant's burden to abstract the portions of the videotape that he challenges on appeal. This court has consistently held that although a videotape does not readily lend itself to abstracting in a brief, the failure to abstract the prejudicial parts of a videotape precludes our consideration of any issues concerning the contents of the tape on appeal. *See Hodge v. State*, 329 Ark. 57, 945 S.W.2d 384 (1997) (*per curiam*); *Evans v. State*, 326 Ark. 279, 931 S.W.2d 136 (1996); *Donihoo v. State*, 325 Ark. 483, 931 S.W.2d 69 (1996). In *Evans*, this court was faced with a similar challenge to a videotaped confession, where the appellant argued that his confession was coerced. Because he did not abstract the portions of the tape that he challenged, this court held that it could not reach the issue on appeal.

Based on the foregoing precedent, we remand this matter to the trial court to settle the record in this matter. Specifically, the parties are to settle the record regarding which of the officer's remarks were objected to by Appellant and were subsequently

reviewed by the trial court and which portion of the videotape was played for the jury. The parties are given thirty days from the date of this *per curiam* to complete this task and file the supplemental record.

Appellant shall then have fifteen days from the date the supplemental record is lodged to file a substituted abstract, addendum, and brief containing the relevant and material portions of the supplemental record. *See* Ark. Sup. Ct. R. 4-2(b)(3). If he fails to file a complying abstract, addendum, and brief within the prescribed time, the judgment may be affirmed for noncompliance with the rule. *Id.* After service of the substituted brief, the State shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the brief that it has previously filed in this appeal.

It is so ordered.