John H. LAXTON, Jr. *v.* STATE of Arkansas

CA CR 06-1228 256 S.W.3d 518

Court of Appeals of Arkansas
Opinion delivered May 9, 2007

*C. Brian Williams*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. John H. Laxton, Jr., had two charges filed against him in Crittenden County. On

January 4, 2004, in exchange for his cases being transferred to Crittenden County Drug Court, Laxton pled guilty to theft of property, a Class B felony, in CR-2003-966 and second-degree forgery, a Class C felony, in CR-2003-979. As part of the plea, Laxton agreed that if he did not successfully complete drug court, he would face commitment to the Arkansas Department of Correction for six years in the forgery case and ten years' suspended imposition of sentence in the theft case.

Laxton's cases were transferred to drug court on January 8, 2004. He failed to complete the requirements of drug court, and on July 3, 2006, he was sentenced in accordance with his plea agreement. On appeal, Laxton argues that the trial court committed reversible error by denying his motion for jail-time credit. We affirm as modified.

Although the record in this case is sketchy,[1] it is undisputed that Laxton did not successfully complete drug court. On July 3, 2006, a judgment and commitment order was entered reflecting that Laxton received the sentences that were contemplated by his plea agreement. It also awarded Laxton 59 days' jail-time credit for the time following his May 11, 2006, arrest on a drug court warrant when he remained in the county jail awaiting his July 3, 2006, commitment to the Arkansas Department of Correction.

On July 12, 2006, Laxton filed a motion seeking additional jail-time credit. The motion prayed for a total of 505 days. In addition to the 59 days credit that he had already received, Laxton claimed entitlement to 53 days for November 17, 2003 through January 8, 2004, which encompassed the time from his arrest until his transfer to drug court; 26 days for April 2, 2004

---

[1] We know from Laxton's brief that a court reporter was not present for the proceedings in Drug Court. We are mindful that in *Williams v. State*, 362 Ark. 416, 208 S.W.3d 761 (2005), the supreme court explicitly stated that the trial court's failure to make a verbatim record of the proceedings violated Administrative Order No. 4, and that practice would not be tolerated. The *Williams* court stated:

> Our Administrative Order No. 4 provides: "Unless waived on the record by the parties, it shall be the duty of any circuit court to require that a verbatim record be made of all proceedings pertaining to any contested matter before it." This court recently put the bench and bar on notice that it would henceforth strictly construe and apply Administrative Order No. 4.

However, because we need not examine the nature of the so-called "sanctions" in drug court, we conclude that the failure to make a record does not preclude our review in this case.

through April 27, 2004, for a drug court "sanction"; 28 days for May 5, 2004 through June 1, 2004, while he was awaiting commitment to a regional-punishment facility; and 339 days for June 1, 2004 through May 5, 2005, when he was actually committed to the regional-punishment facility. We decline to hold that Laxton is entitled to any jail-time credit during the time that his case was assigned to drug court; however, we modify the judgment to give Laxton credit for the time he spent in jail prior to his transfer to drug court.

Laxton argues that because our drug court statute is silent on the issue of jail-time credit and drug court is essentially a type of probation, he is entitled to all of the jail time that he seeks pursuant to Arkansas Code Annotated section 5-4-404 (Repl. 2006). We disagree.

A defendant who has volunteered for drug court is not on probation; rather, he or she is being given the opportunity to avoid punishment in the criminal-justice system. Ark. Code Ann. § 16-98-201 (Repl. 2006). The statute mandates that judicial districts establishing a drug court must create a "*treatment* program [that] is at least one (1) year in length." *Id.* (Emphasis added.) Furthermore, the statute requires as a condition for participation in drug court that the defendant "waives his or her rights to a speedy trial and other rights as are agreed to by the parties." *Id.* In the instant case, Laxton agreed in advance that, if he failed to complete drug court, he would be subject to definite sentences. Nowhere in the agreement is there a provision that he would be given credit for his failure to complete drug court. Moreover, even adding in the time spent incarcerated due to drug court "sanctions," the sentences that Laxton received were well short of the statutory maximums. It is settled law that a defendant who has received a sentence within the statutory range short of the maximum sentence cannot show prejudice from the sentence itself. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002). In short, Laxton is receiving exactly the amount of incarceration that he bargained for when he agreed to enter drug court. It is not our role to relieve Laxton of the consequences of his failing to complete the program.

We note, however, that the 53 days from November 17, 2003 through January 8, 2004, which encompassed the time from his arrest until his transfer to drug court, must be considered differently. We agree with Laxton that those days are controlled by Arkansas Code Annotated section 5-4-404, which states:

If a defendant is held in custody for conduct that results in a sentence to imprisonment or confinement as a condition of suspension or probation, the court, the Department of Correction, or the Department of Community Correction shall credit the time spent in custody against the sentence, including time spent in a local jail facility awaiting transfer to the Department of Correction or the Department of Community Correction.

It is not disputed that Laxton ultimately received a prison sentence. Therefore under the plain wording of the statute, we hold that Laxton is entitled to jail-time credit for the time he spent in jail before he entered drug court. Accordingly, we order that the judgment and commitment order be amended to give Laxton additional jail-time credit of 53 days.

Affirmed as modified.

GLADWIN and ROBBINS, JJ., agree.