The Honorable David Gibbons Prosecuting Attorney Fifth Judicial District Post Office Box 3080 Russellville, Arkansas 72811
Dear Mr. Gibbons:
I am writing in response to your request for an opinion on two questions, as follows:
 Do the provisions of ACA 5-65-108 and 5-4-301(a)(1)(D) effectively preclude persons accused of DWI offenses from being placed in a Pre-Adjudication Drug Court Program created by ACA 16-98-301 et seq.?
 Do the provisions of ACA 5-65-108 and 5-4-301(a)(1)(D) effectively preclude persons accused of DWI offenses from being placed in a Post-Adjudication Drug Court Program created by ACA 16-98-301 et seq.?
The first statute you cite, A.C.A. § 5-65-108 (Supp. 2009)[1], provides in relevant part that a judge may not "utilize the provisions of [the Arkansas First Offender Act[2] in an instance in which the defendant is charged with [driving while intoxicated ("DWI")]."
The second statute you cite provides that "[a] court shall not suspend imposition of sentence as to a term of imprisonment or place a defendant on probation for . . . [DWI]. . . ." A.C.A. § 5-4-301(a)(1)(D) (Supp. 2009).
RESPONSE
For the reasons set forth herein, it is my opinion that the answer to each of your questions is "no."
Question 1: Do the provisions of ACA 5-65-108 and 5-4-301(a)(1)(D) effectively preclude persons accused of DWI offenses from being placed in a Pre-Adjudication Drug Court Program created by ACA 16-98-301 et seq.?
With respect to A.C.A. § 5-65-108, the plain meaning of the words used therein is to prohibit the application of Arkansas First Offender Act procedures, established by A.C.A. §§ 16-93-301 to-305, to persons charged with DWI. The statute does not purport to prohibit the use of any other procedure that may be applicable to a DWI defendant. Drug court programs are created under A.C.A. §§ 16-98-301 to-307 (Repl. 2006, Supp. 2009) and clearly are not Arkansas First Offender Act procedures. It is my opinion, therefore, that A.C.A. § 5-65-108 does not effectively preclude a DWI defendant from being placed in either a pre-or post-adjudication drug court program.
With respect to A.C.A. § 5-4-301(a)(1)(D), the phrases "suspend imposition of sentence" and "place . . . on probation" used therein are defined as, and refer to, procedures that a court may employ after a defendant pleads or is found guilty. See A.C.A. § 5-4-101(5), (2) (Repl. 2006). Both suspension and probation, as such terms are used in A.C.A. § 5-4-301(a)(1)(D), are post-adjudication procedures. It is my opinion, therefore, that A.C.A. § 5-4-301(a)(1)(D) does not effectively preclude a DWI defendant from being placed in a pre-adjudication drug court program.[3]
Question 2: Do the provisions of ACA 5-65-108 and 5-4-301(a)(1)(D) effectively preclude persons accused of DWI offenses from being placed in a Post-Adjudication Drug Court Program created by ACA 16-98-301 et seq.?
With respect to A.C.A. § 5-65-108, please refer to the corresponding portion of my answer to your first question, which is equally applicable here.
With respect to A.C.A. § 5-4-301(a)(1)(D), the relevant question is whether an offender's placement in a post-adjudication drug court program amounts to either suspension or probation, as such terms are used in A.C.A. § 5-4-301(a)(1)(D). I consider the terms separately below.
For purposes of A.C.A. § 5-4-301(a)(1)(D), the term "suspend imposition of sentence" means that the offender "is released by the court without pronouncement of sentence and without supervision." A.C.A. § 5-4-101(5) (emphasis supplied). Drug court programs, by contrast, involve "[f]requent testing for alcohol and illicit drugs," "[a] coordinated strategy . . . to govern offender compliance," "[o]ngoing judicial interaction with each participant," and "strict supervision. . . ." A.C.A. § 16-98-302(b)(5), (6), (7), (c)(1) (Supp. 2009). It is my opinion, accordingly, that placement in a post-adjudication drug court program does not constitute suspension as contemplated and prohibited by A.C.A. § 5-4-301(a)(1)(D).
The term "place on probation" means, for purposes of the statute at issue, that the offender "is released by the court without pronouncement of sentence but subject to the supervision of a probation officer." A.C.A. § 5-4-101(2). Drug court programs do employ probation officers. See, e.g., A.C.A. § 16-98-303(b)(2)(A) (Supp. 2009). Drug court programs might well, therefore, be regarded as involving "the supervision of a probation officer."[4]
As quoted in full at footnote 1 above, however, A.C.A. § 5-65-108(c)(2) provides that, "[n]otwithstanding the provisions of § 5-4-301 . . ., in addition to the mandatory penalties required for a violation of [the DWI statute], a . . . judge may utilize probationary supervision solely for the purpose of monitoring compliance with his or her orders. . . ."
Arkansas drug courts are a relatively new creation, the Arkansas Drug Court Act having been enacted in 2003 and substantially revised in 2007. See Act 1266 of 2003, Act 1022 of 2007.[5] There are, therefore, few reported cases and little other development of the relevant law. While legislative clarification of intent could be helpful, it is my opinion that a judge considering the question might reasonably conclude that the probationary supervision involved in a post-adjudication drug court program is "solely for the purpose of monitoring compliance with [the court's] orders" and therefore that such supervision is permitted by A.C.A. § 5-65-108(c)(2) as an exception to the prohibition of A.C.A. § 5-4-301(a)(1)(D), provided that "the mandatory penalties required" for a violation of the DWI statute are also imposed. It is my opinion, therefore, that A.C.A. § 5-4-301(a)(1)(D) does not prohibit a DWI offender's placement in a post-adjudication drug court program in such a case.
While the foregoing fully addresses the narrow questions posed in your request, it may be appropriate to make note here of two other provisions of law that support a conclusion that DWI defendants and offenders are not universally ineligible for participation in drug courts.
First, a provision of the Arkansas Drug Court Act excludes persons accused or convicted of specified classes of crimes from participation in a drug court program. See A.C.A. § 16-98-303(c)(1). The provision does not exclude persons charged with or convicted of DWI. See id. The Arkansas Drug Court Act also provides that "[e]ligible offenses may be further restricted by the rules of a specific drug court program." See A.C.A. § 16-98-303(c)(2). These provisions, in my view, clearly indicate a legislative intent to exclude generally from all drug court programs only those defendants described in subsection (c)(1), and to allow local courts to adopt additional exclusions to suit local conditions. See also A.C.A. § 16-98-303(c)(3) (allowing exclusion of any particular defendant notwithstanding "that the controlling offense is eligible. . . ."). Because DWI defendants are not described in subsection (c)(1), I conclude that the legislature did not intend to exclude such persons in every case from drug court participation.
A second provision of the Arkansas Drug Court Act also suggests that DWI defendants are not wholly ineligible for drug court placement. It provides for "expungement and dismissal of a case" upon the satisfaction of specified conditions. See A.C.A. § 16-98-303(g)(1). If an offender has, in another Arkansas court, entered a plea of guilty or nolo contendere to, or has been found guilty of, a "target group" offense, as defined in A.C.A. § 16-93-1202(10)(A)(i) (Supp. 2009), the written concurrence of such other court in the order of expungement and dismissal is required. See A.C.A. § 16-98-303(g)(2)(A). The offense of "driving while intoxicated, fourth or subsequent offense," is a "target group" offense. See A.C.A. § 16-93-1202(10)(A)(i). The statute goes on to provide, however, that "[t]he fourth [or] subsequent offense of driving while intoxicated, § 5-65-103" is not eligible for expungement, notwithstanding its inclusion as a "target group" offense. See A.C.A. § 16-98-303(g)(2)(B). In my view, the statutory scheme at the very least suggests that expungement and dismissal are available to DWI offenders with three or fewer offenses. That suggestion supports the view that DWI is not an offense universally excluded from drug court participation.[6]
Assistant Attorney General J. M. Barker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JMB/cyh
[1] The full statute is as follows:(a) Section 16-93-301 et seq., allows a circuit court judge, district court judge, or city court judge to place on probation a first offender who pleads guilty or nolo contendere prior to an adjudication of guilt.(b) Upon successful completion of the probation terms, the circuit court judge, district court judge, or city court judge is allowed to discharge the accused without a court adjudication of guilt and expunge the record.(c)(1) No circuit court judge, district court judge, or city court judge may utilize the provisions of § 16-93-301 et seq. in an instance in which the defendant is charged with violating § 5-65-103.(2) Notwithstanding the provisions of § 5-4-301, § 5-4-322, or subdivision (c)(1) of this section, in addition to the mandatory penalties required for a violation of § 5-65-103, a circuit court judge, district court judge, or city court judge may utilize probationary supervision solely for the purpose of monitoring compliance with his or her orders and require an offender to pay a reasonable fee in an amount to be established by the circuit court judge, district court judge, or city court judge.A.C.A. § 5-65-108.
[2] The Arkansas First Offender Act, A.C.A. §§ 16-93-301 to -305 (Repl. 2006, Supp. 2009), provides a one time procedure for placing a defendant on probation prior to an adjudication of guilt, and for later discharge of the defendant, still without adjudication of guilt. See A.C.A. § 16-93-303(a)(1)(A)(i), (a)(2) (Supp. 2009).
[3] See the discussion below, in response to the second part of your second question, for an alternative rationale for the opinion stated here.
[4] But see Laxton v. State,99 Ark. App. 1, 3, 256 S.W.3d 518 (2007), stating, in reference to a post-adjudication drug court program, that "[a] defendant who has volunteered for drug court is not on probation; rather, he or she is being given the opportunity to avoid punishment in the criminal-justice system."
[5] The Arkansas Drug Court Act has been amended on other occasions. The text accompanying this footnote is not intended to be an exhaustive list of such amendments.
[6] A person's first three DWI offenses occurring within five years are misdemeanors; the fourth is a felony. See A.C.A. § 5-65-111(a), (b) (Supp. 2009). Circuit and district courts have concurrent jurisdiction over misdemeanors. See Ark. Const. amend. 80, § 7(B), A.C.A. § 16-88-101(a)(3), (4) (Supp. 2009; both versions). It is my understanding that misdemeanors are generally charged and tried in district court. Drug courts are specialized dockets of circuit courts. See A.C.A. § 16-98-302(c)(2). I express no opinion herein as to the procedural route(s) to a drug court that a DWI case might take.