SLIP OPINION

Cite as 2015 Ark. App. 8

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-14-524

| | |
|---|---|
| DERRICK A. WHITNEY<br>APPELLANT | **Opinion Delivered** January 14, 2015 |
| V. | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–2009-734] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE RALPH WILSON, JR., JUDGE |
| | AFFIRMED; MOTION GRANTED |

## RITA W. GRUBER, Judge

In May 2010, Derrick A. Whitney pleaded guilty to selling or delivering cocaine and received eight years' probation, subject to written conditions. In September 2012, the State alleged in a petition to revoke that Whitney violated conditions of probation that included a requirement to pay fines and costs. At the conclusion of the revocation hearing, the circuit court found that Whitney had made no payments and had inexcusably failed to comply with the condition to pay fines and costs. The court revoked Whitney's probation and sentenced him to twenty-four months' confinement in the Arkansas Department of Community Correction[1] and thirty-six months' suspended imposition of sentence.

Pursuant to Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals (2014), Whitney's counsel has filed a no-merit brief and a motion to withdraw on

---

[1]Counsel incorrectly states in his brief that Whitney was to serve twenty-four months in the Arkansas Department of Correction.

the ground that an appeal in this matter would be wholly without merit. Whitney was notified of his right to file pro se points for reversal and has done so; the State has responded to those points.

Counsel informs us that the revocation itself was the only ruling adverse to Whitney. The argument section of counsel's no-merit brief fairly summarizes testimony by the collector of fines, documentary evidence, and testimony by Whitney regarding his failure to pay fines and costs. The State correctly argues in its brief that Whitney's points, which essentially ask that he be allowed to return home to look after his elderly mother, amount to a plea for clemency that must be addressed to the executive branch rather than to this court. *E.g.*, *Parker v. State*, 302 Ark. 509, 512, 790 S.W.2d 894, 895 (1990); *Nguyen v. State*, 2010 Ark. App. 25, at 2.

From our review of the record and the briefs presented to us, we find compliance with Rule 4–3(k)(1), and we hold that there is no merit to this appeal. Accordingly, counsel's motion to withdraw is granted and the order of revocation is affirmed.

Affirmed; motion granted.

GLOVER and WHITEAKER, JJ., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.