
# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-15-488

| | |
|---|---|
| | **Opinion Delivered** January 13, 2016 |
| DANNY LEE SWANIGAN | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT |
| APPELLANT | [NOS. 23CR-14-458, 23CR-14-459] |
| V. | HONORABLE HARRY G. FOSTER, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED; COUNSEL'S MOTION TO BE RELIEVED GRANTED |

## DAVID M. GLOVER, Judge

On April 14, 2014, the Conway District Court found appellant Danny Swanigan guilty of third-degree domestic battering, for which he was sentenced to a year in jail, with nine months suspended, and harassment, for which he was sentenced to ninety days in jail, with sixty days suspended. The sentences were ordered to be served concurrently. Swanigan appealed his convictions to circuit court. A bench trial was set for December 23, 2014, but Swanigan's counsel requested and was granted a continuance due to her caseload. Swanigan's new trial date was February 3, 2015. However, Swanigan failed to appear for trial on that date. His counsel again requested a continuance, which was denied, and the circuit court dismissed the appeal.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Swanigan's counsel has filed a motion to withdraw on the grounds that the appeal is wholly without merit. Counsel's motion was

accompanied by a brief referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to Swanigan made by the trial court on all objections, motions, and requests made by either party, with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court furnished Swanigan with a copy of his counsel's brief and notified him of his right to file pro se points.

The only adverse rulings were the denial of Swanigan's counsel's motion for a continuance and the dismissal of his appeal. Counsel has addressed each ruling in her brief and has adequately explained why neither adverse ruling constitutes reversible error.

Swanigan has filed pro se points. In them, he explains the circumstances surrounding his failure to appear in circuit court for his appeal from district court. To the extent that this is an argument regarding the denial of his counsel's motion for a continuance, that argument was properly discussed in his counsel's no-merit brief. To the extent Swanigan plead for clemency by commenting that he would like to throw himself on the mercy of the court and beg its forgiveness, such a request must be addressed to the executive branch, not the judicial branch. *Whitney v. State*, 2015 Ark. App. 8, at 2. Lastly, Swanigan discusses the sufficiency of the evidence, but because the sufficiency of the evidence was not challenged in the circuit court, it is not preserved for appeal. *Bailey v. State*, 2015 Ark. App. 312, at 3.

Affirmed; counsel's motion to be relieved granted.

GLADWIN, C.J., and VAUGHT, J., agree.

*Sarah M. Pourhosseini*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.

SLIP OPINION