

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–455

| | |
|---|---|
| LASHAWN HEATH<br><br>                APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                APPELLEE | **Opinion Delivered** January 27, 2016<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–2009-1680]<br><br>HONORABLE RANDY F. PHILHOURS, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

**RITA W. GRUBER, Judge**

In November 2010, Lashawn Heath was sentenced to 120 months' suspended imposition of sentence (SIS) on one count of residential burglary. In November 2014, the State filed a petition for revocation in which it alleged that Heath had violated conditions of the suspension, including a requirement that he lead a law-abiding life. The circuit court conducted a revocation hearing and found at the conclusion of the hearing that Heath had violated conditions by committing or attempting to commit residential burglary. On January 30, 2015, the circuit court revoked Heath's SIS and sentenced him to 180 months' imprisonment in the Arkansas Department of Correction. Heath appeals, contending that the State failed to prove the required element of intent for residential burglary. We remand to the trial court to settle and supplement the record, and we order rebriefing.

Both parties refer on appeal to a police officer's formal interview of Heath. Although

the video recording of the interview was played at the revocation hearing, the record before us shows no transcription of the interview. Nor do the addendum and abstract in Heath's brief include the video itself or an abstract of the interview. Administrative Order No. 4 of the Arkansas Supreme Court provides, "Unless waived on the record by the parties, it shall be the duty of any circuit court to require that a verbatim record be made of all proceedings . . . pertaining to any contested matter before the court or the jury." Ark. Sup. Ct. Admin. Order No. 4(a) (2015). *See Williams v. State*, 362 Ark. 416, 208 S.W.3d 761 (2005) (noting the circuit court's duty to require a verbatim record of a videotaped custodial statement played to the jury). When an audio recording has been played in the proceedings below and the statement is a point on appeal, abstracting is deferred only if the statement is completely incomprehensible. *Dillard v. State*, 2012 Ark. App. 503, at 2 (citing *Hodge v. State*, 329 Ark. 57, 945 S.W.2d 384 (1997)).

We remand to the circuit court to settle the record. The court shall require a verbatim transcription of the recording as it was played to the court, and the record shall be supplemented by the addition of the transcript within thirty days of this opinion. After settlement of the record and the filing of a supplemental record with this court, Heath is given fifteen days to file a substituted brief, addendum, and abstract. *See* Ark. Sup. Ct. R. 4–2(b)(3) (2015) (allowing a party who files a deficient brief opportunity to file a conforming brief). We strongly encourage counsel, before resubmitting his brief, to carefully examine the record and review our rules to ensure that no additional deficiencies are present. Once his substituted brief has been filed, the State will be afforded an opportunity to revise or supplement its brief

in the time prescribed by the clerk.

Remanded to settle and supplement the record; rebriefing ordered.

WHITEAKER and HOOFMAN, JJ., agree.

*Tyler Ginn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.