

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–15–455

| | |
|---|---|
| LASHAWN HEATH<br><div align="right">APPELLANT</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered** June 22, 2016<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–2009-1680]<br><br>HONORABLE RANDY F. PHILHOURS, JUDGE<br><br>MOTION DENIED; REBRIEFING ORDERED |

## RITA W. GRUBER, Judge

This revocation case is before us for the second time. In *Heath v. State*, 2016 Ark. App. 47 (*Heath I*), Lashawn Heath's counsel contended that the State failed to prove that Heath had violated conditions of his suspended sentence on the underlying offense of residential burglary. We remanded the case to the circuit court to settle the record regarding a custodial statement that had been played at the revocation hearing but had not been transcribed. 2016 Ark. App. 47, at 2. Noting deficiencies in counsel's brief, we ordered counsel to file a substituted brief after settlement of the record and encouraged him to "review our rules to ensure that no additional deficiencies are present." *Id*.

The record now has been supplemented with a transcription of the recording, and counsel has filed a substituted brief with an abstract of the custodial statement and an addendum that includes the video CD. In the present appeal, unlike in *Heath I*, counsel has

SLIP OPINION

filed a no-merit brief and motion for permission to withdraw. He states that there are no meritorious grounds for an appeal and that his brief complies "with the directive in *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(j)(1)." Because the brief does not comply with our briefing requirements, we again must order rebriefing.

As an initial matter, we note that Rule 4–3(j) (2015) addresses the preparation of briefs for indigent appellants and that Rule 4–3(k) applies to no-merit withdrawal cases. Rule 4–3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections . . . with an explanation as to why each . . . is not a meritorious ground for reversal" and that "the abstract and addendum of the brief shall contain . . . all rulings adverse to the defendant." Ark. Sup. Ct. R. 4–3(k)(1). Generally speaking, if a no-merit brief fails to address all the adverse rulings, it will be sent back for rebriefing. *Sartin v. State*, 2010 Ark. 16, at 4, 362 S.W.3d 877, 880. The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and avoids the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Sartin*, 2010 Ark. 16, at 8, 362 S.W.3d at 882. For these reasons, a no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1) and must be rebriefed. *Id.*

Heath's counsel states in his no-merit brief that "[n]o objections were raised by appellant during the hearing" and that "the only apparent issue raised is whether there was sufficient evidence to revoke." Our review of the record, however, reveals that the circuit court overruled a hearsay objection by Heath's trial counsel during the testimony of a witness

for the State. We also note that several pages of the brief's abstract are presented in a question-and-answer format, which is to be used only in "extraordinary situations where a short exchange cannot be converted to a first-person narrative without losing important meaning." Ark. Sup. Ct. R. 4-2(a)(5)(B). Due to these deficiencies, we deny counsel's motion to withdraw, and we order rebriefing.

The deficiencies we have noted should not be considered an exhaustive list, and counsel is encouraged to review *Anders v. California*, *supra*, and Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4–2(b)(3).

Motion denied; rebriefing ordered.

ABRAMSON and VIRDEN, JJ., agree.

*Tyler Ginn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.