SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–455

| | | |
|---|---|---|
| LASHAWN HEATH | | **Opinion Delivered**: October 26, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE CRITTENDEN |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 18CR-2009-1680] |
| | | |
| STATE OF ARKANSAS | | HONORABLE RANDY F. |
| | APPELLEE | PHILHOURS, JUDGE |
| | | |
| | | AFFIRMED; MOTION TO |
| | | WITHDRAW GRANTED |

**RITA W. GRUBER, Judge**

This appeal is before us for the third time. It arises from the circuit court's January 30, 2015 sentencing order that revoked LaShawn Heath's suspended imposition of sentence for residential burglary and imposed a term of 180 months' imprisonment in the Arkansas Department of Correction. We ordered rebriefing in both *Heath v. State*, 2016 Ark. App. 47 (*Heath I*), and *Heath v. State*, 2016 Ark. App. 338 (*Heath II*). We noted in *Heath II* that counsel had not complied with the requirement of Arkansas Supreme Court Rule 4–3(k)(1) to list all adverse rulings in his no-merit brief; that the brief's abstract was not in proper format; and that counsel had incorrectly labeled the rule addressing no-merit withdrawal cases as Rule 4–3(j)(1) rather than 4–3(k)(1), the paragraph's designation pursuant to a 2008 amendment. *Cf.* Ark. Sup. Ct. R. 4–3(j) (2016) (addressing briefs for indigent appellants). Counsel has again filed a no-merit brief and motion for permission to withdraw from the case.

SLIP OPINION

Counsel now presents a brief with an abstract in proper format. He states that there are no meritorious grounds for an appeal, and he lists and discusses the circuit court's two rulings that were adverse to Heath. First, the circuit court overruled Heath's objection that particular testimony by Detective Jennifer Sherrill "was hearsay and violated the Confrontation Clause." The objection occurred when she testified that before interviewing Heath about a residential break-in, she had read an incident report by his probation officer. The court ruled that the testimony was not hearsay because it was "not being offered for the truth of the matter, but . . . to demonstrate why Officer Sherrill questioned him the way she questioned him." The second adverse ruling occurred when the circuit court denied Heath's motion to dismiss. The court found that the State had proved by a preponderance of the evidence—the standard required in a revocation proceeding—that Heath had violated conditions of his probation by committing, or attempting to commit, the offense of residential burglary.

Counsel explains that any appeal from the adverse hearsay-and-confrontation ruling would be frivolous because the hearsay rule does not apply in revocation proceedings and because, even though the Confrontation Clause does apply in revocation proceedings, the contents of the incident report were never introduced. Regarding the denial of Heath's motion to dismiss, counsel states that the issue was not preserved for appeal because he failed to specify how the evidence was deficient and because he made his motion only at the close

of the State's case.[1]  Counsel also states that the sufficiency of the evidence was satisfied by a witness's testimony that the home had been broken into through a door opening toward the garage and she had found a bicycle in the back yard—corroborated by Heath's statement to Sherrill that the "door was too tough" when  he tried to enter the house to find money for cigarettes.

From our review of the record and the brief presented to us, we find that counsel has adequately explained why this appeal is without merit and has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1).[2]  We grant his motion to withdraw, and we affirm the circuit court's order of revocation.

Affirmed; motion to withdraw granted.

KINARD and VAUGHT, JJ., agree.

*Tyler Ginn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.

---

[1]The requirements of Ark. R. Crim. P. 33.1 that a defendant must move for dismissal in order to preserve the issue of insufficient evidence do not apply to revocation hearings. *Barbee v. State*, 346 Ark. 185, 188, 56 S.W.3d 370, 372 (2001).

[2]Counsel continues to incorrectly cite the proper paragraph of Rule 4–3.