

Cite as 2017 Ark. App. 3

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-16-372

| | | |
|---|---|---|
| ROBERT DARK | | **Opinion Delivered:** January 18, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-14-694] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| | | |
| | | MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

## BART F. VIRDEN, Judge

Appellant Robert Dark appeals from his conviction for possession of methamphetamine. He was sentenced as a habitual offender to fifteen years' imprisonment and ordered to pay a $10,000 fine. Dark's counsel has filed a motion to withdraw from representation, along with a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k). Dark filed pro se points for reversal, to which the State has responded. We deny counsel's motion to withdraw and order rebriefing.

A request to withdraw on the ground that the appeal is wholly without merit must be accompanied by a brief, abstract, and addendum. Ark. Sup. Ct. R. 4-3(k)(1). Counsel's brief must contain an argument section that lists all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party and explains why each adverse ruling is not a meritorious ground for reversal. *Id.* A no-merit

brief that fails to address an adverse ruling does not satisfy the requirements of Ark. Sup. Ct. R. 4–3(k)(1) and must be rebriefed. *Heath v. State*, 2016 Ark. App. 338; *Dove v. State*, 2014 Ark. App. 26; *Reed v. State*, 2013 Ark. App. 14.

In the argument section of his brief, Dark's appellate counsel, who did not represent Dark below, asserts that there were no objections raised at trial. Counsel sets out the testimony and states, "No other testimony was offered at trial." Counsel does not point out the fact that trial counsel did not make a directed-verdict motion challenging the sufficiency of the evidence. *See, e.g.*, *Baker v. State*, 2011 Ark. App. 480. After the State had rested, the trial court asked counsel whether he had any motions to make, and trial counsel said, "No, I don't believe the record supports any motions for directed verdict or otherwise." Because the sufficiency of the evidence was not challenged below, it is not preserved for review. *Swanigan v. State*, 2016 Ark. App. 15.

According to appellate counsel, the only "apparent issue" was whether Dark suffered from a mental defect, which Dark raised in chambers. While counsel refers to the in–chambers discussion in his argument, he has failed to abstract any of it. Moreover, counsel does not discuss whether Dark was entitled to a mental-health examination pursuant to Ark. Code Ann. § 5-2-305(a)(1)(B) (Supp. 2015).

There are arguably adverse rulings in the record. In chambers, Dark requested a continuance to obtain other counsel to represent him. The trial court denied the pro se motion. Dark stated, "I don't want [Fraiser] to represent me. I would love to have a different counsel," to which the trial court said, "You don't get to pick and choose your counsel, Mr. Dark." After the trial court refused to grant a continuance and denied Dark's request

for different counsel, Dark sought to represent himself. The trial court denied his request. Counsel should determine whether these were adverse rulings and, if they so qualify, each ruling should be discussed.

Because counsel's brief is deficient and does not comply with our rules, we order rebriefing within fifteen days from the date of this opinion. The deficiencies set forth above should not be considered an exhaustive list, and counsel is encouraged to carefully examine the record and review *Anders* and Rule 4–3(k) before resubmitting a brief. We express no opinion on whether the new appeal should address the merits. If a no-merit brief is again filed, the clerk will forward counsel's motion and brief to Dark so that, within thirty days, he will have the opportunity to raise any pro se points he chooses, and the State likewise will be given the opportunity to file a brief in response.

Motion to withdraw denied; rebriefing ordered.

GRUBER, C.J., and HIXSON, J., agree.

*Amos J. Richards*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee